617 So.2d 46 (1993)
David E. TILLMAN
v.
CSX TRANSPORTATION COMPANY and Bennett Marlow.
David E. TILLMAN
v.
The DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT for the STATE OF LOUISIANA.
Nos. 92-CA-1165, 92-CA-1166.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Rehearing Denied May 12, 1993.
*47 Anthony S. Taormina, Taormina, Richard & Dittmer, Metairie, for plaintiff-appellant David Tillman.
L. Havard Scott, III, Brent A. Talbot, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendants-appellees CSX Transp. Inc. and Bennett Marlow.
Richard P. Ieyoub, Atty. Gen., Edward M. Campbell, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for defendant-appellee State of La. through the Dept. of Transp. and Development.
Before KLEES, LOBRANO and PLOTKIN, JJ.
KLEES, Judge.
Plaintiff appeals the granting of a partial summary judgment on behalf of the defendants CSX Transportation and Bennett Marlow and/or Marler L. Bennett in the Civil District Court for the Parish of Orleans. After reviewing the record and applicable law, we reverse the granting of the partial summary judgment and remand for trial.
This action arises out of a railroad crossing accident that occurred on November 17, 1987 when a train owned and operated by CSX Transportation and driven by Marler L. Bennett collided with a truck driven by the plaintiff, David Tillman, at the Paris Road grade crossing in New Orleans East.
It is undisputed that the injuries sustained by the plaintiff were caused by the collision itself, not the hazardous and toxic substances being hauled by the train.
Plaintiff seeks compensatory damages plus punitive damages pursuant to Louisiana Civil Code Article 2315.3, which allows exemplary damages, "if it is proved that the plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, *48 or transportation of hazardous or toxic substances."
In support of the motion for partial summary judgment, defendants assert that there is no causal connection between the alleged collision and the transportation of any hazardous substance. In opposition, plaintiff asserts that no causal connection is required by Article 2315.3 in order to award punitive damages.
Plaintiff argues that considering the policy underlying the exemplary or punitive damages statute and its language, its meaning becomes plain, and that such damages may be awarded without regard to the connection between the hazardous or toxic substance and the cause of the injury. Plaintiff cites the language of the article itself, to the effect that such damages may be awarded, "if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances."
It is plaintiff's argument that the code article plainly means that if a person who is storing, handling or transporting a hazardous or toxic substance, causes injury by conduct which is in wanton or reckless disregard for public safety, then punitive damages may be awarded without regard to whether the hazardous or toxic substance caused the injury. Plaintiff argues that the train was transporting hazardous/toxic substances and that punitive damages may be awarded because of the driver's reckless disregard of public safety in traveling at a self-imposed excessively high rate of speed across the railroad crossing, despite the undisputed fact that the injury was not related to the hazardous substance. Plaintiff's argument is that the legislative intent is to punish people who are storing, handling or transporting hazardous or toxic substances for their disregard of the public safety without regard to the cause of the injury.
The Louisiana Civil Code commands the courts to apply the letter of the law unless the words or expressions are dubious, in which case the courts may look to the context of the words, other statutes, and the spirit of the law. Louisiana Civil Code Articles 9, 10, 11, and 12. Pursuant to this rule, the jurisprudence has established that when the literal construction of a statute would lead to an absurd result, the letter of the law must give way to the spirit so as to produce a reasonable result. Smith v. State, Through the Department of Public Safety, 366 So.2d 1318 (La.1978) and Dore v. Tugwell, 84 So.2d 199 (La. 1955). Therefore, it is the duty of the court to apply the statute as written unless such application would lead to an absurd result, and then the court must attempt to interpret it in such a manner as to reach a reasonable result consistent with the legislative intent.
In this case, applying the statute as written would not lead to an absurd result, nor would such an application be at variance with the legislative intent. The legislative intent was directed toward the dangers involved in the mishandling of hazardous/toxic substances and the harm that the substances might do to individuals who were exposed to them or came in contact with them because of wanton or reckless mishandling. This intent may be carried out by punishing the wanton or reckless conduct, regardless of whether the toxic substance actually caused the problem.
In Griffin v. Tenneco Oil Co., 531 So.2d 498 (La.App. 4th Cir.1988), we were faced with a similar situation. In that case, we held that a person working inside a plant who is injured because of his employer's mishandling of toxic substances has a right of action under article 2315.3 even though an employee is not technically a member of the "public." In discussing the intent of the statute we said:
The words of the statute say that any plaintiff may recover if his injuries were caused by defendant's wanton or reckless disregard for the public safety in the handling of the substances. The statute's reference to the public safety is in the context of a general state of mind which the plaintiff must prove in order to recover. The statute does not require that the plaintiff prove some specific conduct *49 on defendant's part which constitutes wanton or reckless disregard for his safety.
Griffin Id. pg. 500.
In the instant case, the statute does not say that the injury must have been caused by the exposure to a toxic substance, but that it must have been caused by the defendant's reckless conduct in handling a toxic substance. We therefore disagree with defendant's contention that the applicability of punitive damages is a question of law. Although this accident caused no damages from hazardous or toxic substances, we conclude that a speeding train carrying hazardous or toxic substances is the type of conduct that the statute was designed to protect against. The finder of fact should therefore be given the opportunity to decide whether the defendant's conduct in this instance deserves punitive damages. Accordingly, we reverse the granting of the partial summary judgment and remand for trial.
REVERSED AND REMANDED.