628 So.2d 1351 (1993)
Mark BROUSSARD, et al.
v.
Raymond W. ROGERS, et al.
No. 93-CA-458.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1993.
*1352 Richard A. Thalheim, Jr., Thibodaux, for plaintiffs-appellants.
Robert E. Peyton, J. Roslynn Lemmon, New Orleans, James L. Donovan, Jr., Metairie, Michael J. Samanie, Herbert W. Barnes, Houma, for defendants-appellees.
Before BOWES and DUFRESNE, JJ., and THOMAS F. DALEY, J. Pro Tem.
DUFRESNE, Judge.
This appeal arises from a petition for damages filed on behalf of plaintiffs/appellants, Mark Broussard, Susan Q. Broussard, individually and on behalf of their minor children, Marquis Broussard, Ryan Broussard, Ravin Broussard and Cyris Broussard, against defendants/appellees, Raymond W. Rogers, John W. Stone Oil Distributors, Liberty Mutual Insurance Company, Fidelity Fire and Casualty Company and Prudential Property and Casualty Insurance Company. The suit is an action for damages allegedly arising out of a rear-end collision wherein Susan Broussard was a passenger in the vehicle struck by one driven by Raymond W. Rogers and owned by John W. Stone Oil Distributors. Fidelity is being sued as Broussard's uninsured motorist carrier. Prudential is being sued as the alleged insurer of the vehicle struck in which Broussard was a passenger.
The plaintiffs/appellants amended their petition seeking exemplary damages on the basis that Broussard's injuries were
"caused by the defendants' wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances."
In this case the truck which struck the vehicle in which Broussard was a passenger was returning from making a delivery of diesel fuel.
The defendants/appellees, Rogers, Stone d/b/a John W. Stone Oil Distributor, and Liberty Mutual Insurance Company filed a motion for partial summary judgment seeking a dismissal of Broussard's exemplary damage claim. The trial judge granted the motion and dismissed the La.Civil Code art. 2315.3 claim on the basis that the injury to the plaintiff must be caused by the hazardous or toxic substance in order that this provision be invoked. We affirm.
The narrow issue before this court is whether punitive or exemplary damages may be awarded to a plaintiff under La.Civil Code art. 2315.3 when that plaintiff's injury is not caused by the hazardous or toxic nature of the substance.
The appellants specify the following errors: (1) Neither Louisiana law nor the codal provision require such causation to be established, and (2) the trial judge erred in preventing plaintiff from conducting discovery related to the issue of exemplary damages.
Appellants contend they were prevented from obtaining information germane to their opposition to the motion for summary judgment. The record indicates the plaintiffs filed a motion to compel discovery on November 12, 1992. A rule to show cause was set for November 18, 1992. On November 18, 1992 this motion was heard along with the motion for summary judgment. The motion for summary judgment was taken under advisement *1353 and the motion to compel was continued without date. In the brief in support of the motion before the trial judge the plaintiffs argued: "Plaintiff has specifically propounded discovery seeking the detail of the cargo, when and where it was loaded, when and where it was allegedly discharged, all cargo manifests, as well as all rules and procedures concerning this cargo and type of cargo. These are essential questions to prosecution of plaintiffs' case."
The trial judge evidently concluded the only issue before him was a narrow legal issue rather than a factual dispute. We agree.
La.Civil Code art. 2315.3 provides:
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.
In Weaver v. Valley Elec. Membership Corp., 615 So.2d 1375, 1380-81 (La.App. 2nd Cir.1993) the court explained:
Art. 2315.3 was and is an exception to the general rule of law in Louisiana which allows recovery only for actual damages. A statute allowing, in appropriate circumstances, the future award of exemplary or punitive damages, being penal in nature, must be strictly construed by the courts. American Waste & Pollution v. Madison Parish, 488 So.2d 940 (La.1986). See also Vincent v. Southwest La. Elect. Membership Corp., 666 F.Supp. 94 (W.D.La.1987). [Emphasis in original]
Considering the above mandate we find the holding in Pickering v. Henry, 720 F.Supp. 69 (M.D.La.1989) persuasive. This case was also relied upon by the trial judge. We also decline to follow Tillman v. CSX Transportation Co., 617 So.2d 46 (La.App. 4th Cir.1993) since we find Pickering to be consistent with American Waste & Pollution.
In Pickering the plaintiff brought a wrongful death and survival action. The decedent's vehicle was struck by a driver of a truck which ran a red light. The driver was allegedly en route to have his trailer refilled with methane. In that case, as in the instant case, the injuries were alleged to be caused by the vehicle and not by the hazardous or toxic substance. The plaintiffs in that case argued the same as they are doing here.
However, we agree with the reasoning of the Pickering court and accordingly, for the reasons stated, the judgment granting a partial summary judgment in favor of the defendants, Raymond W. Rogers, John W. Stone, d/b/a John W. Stone Oil Distributor, and Liberty Mutual Insurance Company dismissing plaintiffs' exemplary damage claim under La.Civil Code art. 2315.3 is hereby affirmed at appellants' cost.
AFFIRMED.
DALEY, Judge Pro Tem., dissenting.
I respectfully dissent from the majority. The majority opinion seeks to limit the applicability of Civil Code Article 2315.3 to only injuries directly caused by hazardous or toxic substances. The majority position ignores the language of the code article.
La.Civil Code Article 2315.3 states:
Additional damages, storage, handling, and transportation of hazardous substances
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity. [emphasis added].
The language authorizes exemplary damages if injuries, "were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling or transportation *1354 of hazardous or toxic substances." It does not require the hazardous or toxic substances to cause injury.
In Tillman v. CSX Transportation Company, 617 So.2d 46 (La.App. 4th Cir.1993) writ denied La.S.Ct. 92-CA-1165, the Fourth Circuit dealt with the applicability of Art. 2315.3 when there was no causal connection between the alleged collision and the transportation of any hazardous substance. In Tillman injury was caused by a collision between a train carrying hazardous material and the plaintiff vehicle. The train's engine not the hazardous material caused bodily injury. In applying Article 2315.3 the court determined that:
... the statute does not say the injury must have been caused by the exposure to a toxic substance, but it must have been caused by defendant's reckless conduct in handling a toxic substance ... Although the accident caused no damage from hazardous or toxic substances, we conclude that a speeding train carrying hazardous or toxic substances is the type of conduct that the statute was designed to protect against.
Tillman 617 So.2d 46 at p. 49.
In the instant case injury was caused by a collision between a eighteen wheel tractor-trailer which allegedly was transporting hazardous material and a automobile. Plaintiffs allege in this petition that their "injuries were caused by defendant's wanton or reckless disregard for public safety in the handling or transporting of hazardous or toxic substances." Applying the language of Article 2315.3 if plaintiff's injuries were caused by defendant's wanton or reckless disregard for public safety in the transportation of hazardous materials exemplary damages may be awarded.
The Louisiana Civil Code commands the courts to apply the law as written. La.C.C. Art. 9. Article 2315.3 as written is applicable if plaintiff can prove reckless disregard for public safety in the transporting of hazardous substance. The Code Article imposes no requirement that the hazardous substance cause the injury rather it requires that the reckless disregard for public safety caused the injury.
For the state reasons I would reverse the summary judgment granted by the trial court and remand for further proceeding in the trial court.