662 So.2d 450 (1995)
Peggy CHUSTZ, Individually and on Behalf of Her Minor Child, Tiffany D. Chustz, Angel Chustz Bates & John S. Chustz, Jr.
v.
J.B. HUNT TRANSPORT, INC. and Roger W. Hutchings.
No. 95-CC-0356.
Supreme Court of Louisiana.
November 6, 1995.
*451 Christopher DtPont Matchett and Charles Michael Futrell, Matchett, Verbois, Futrell & Henchy, for Applicant.
Richard P. Ieyoub, Attorney General, R. Monroe Garner, J.J. Mckernan, C. Jerome D'Aquila, Gordon J. McKernan, for Respondent.
James Julian Coleman, Peggy Wallace, Johnny Afton Poindexter, for Business Council of New Orleans, River Region, Independent Liquidation Association, DynMcDermott Petroleum Operation, Amici Curiae.
Christopher J. Dicharry, Cynthia Tripi, Daniel R. Barney, Robert Digges, Jr., for American Trucking Association, Amicus Curiae.
Christopher J. Dicharry, Cynthia Tripi, for Louisiana Motor Transport and Interstate Truckload C.C., Amici Curiae.
Larry M. Roedel and David A. Woolridge, Jr., for Canal Indemnity Co. and Canal Insurance Co., Amici Curiae.
Joel L. Borrello, Sam A. LeBlanc, III, and Richard J. Kernion, Jr., for the Chamber of New Orleans and The River Region, Amici Curiae.
Lawrence S. Kullman, for Louisiana Trial Lawyers Association, Amicus Curiae.
Joel L. Borrello, for Shell Oil Company, Mobile Oil Corp., Missouri Pacific Railroad, Union Pacific Railroad, Rollins Environmental Service, Amici Curiae.
Terrill Wayne Boykin, for Mercer Transportation Inc., Amicus Curiae.
Andrew A. Lemmon, Elizabeth S. Hardy, Counsel for Trial Lawyers Association, Amicus Curiae.
John Steven Hunter and Daryl J. Daigle, for Contract Freighters, Inc., Amicus Curiae.
Walter R. Metz, Jr. and Richard S. Reiser, for Werner Enterprises Inc., Amicus Curiae.
Bobby Stephen Gilliam, for Kansas City Southern Railroad, Amicus Curiae.
Sherman G. Fendler and Mark D. Latham, for BP Exploration & Oil Inc., Exxon Corporation, Amici Curiae.
David Chalavon Forrester, for National Association Independent Insurance, Amicus Curiae.
LeRoy Allen Hartley and Kara M. Miller, for Lincoln General Insurance Co., Amicus Curiae.
Michael Gregory Stag, for Frozen Food Express Industries, Amicus Curiae.
Prior report: 650 So.2d 259.
PER CURIAM.[1]
After a collision between John S. Chustz, Sr.'s pickup truck and J.B. Hunt Transport, Inc.'s eighteen wheeler truck, Chustz died. The truck was hauling cases of petroleum lubricating oil, and Chustz's survivors are seeking exemplary damages under LSA-C.C. art. 2315.3. It is alleged that the truck was transporting a toxic or hazardous substance with wanton or reckless disregard for public safety. The trial court denied Hunt's motion for partial summary judgment on the exemplary damage claims, and the court of appeal denied review.
Under Louisiana law, statutes which impose a penalty, such as punitive or exemplary damages, are strictly construed. International Harvester Credit v. Seale, 518 So.2d 1039 (La.1988). Although this statute does not define hazardous or toxic substances, the words must be given their generally accepted meaning. LSA-C.C. art. 11. Hazardous substances are those that present substantial danger to public health or the environment. A toxic substance is a substance poisonous to living organisms. Thus, the terms "hazardous" and "toxic" refer to substances which cause injury or death to human beings and/or create an environmental hazard. Applying strict construction, under the facts here cases of petroleum lubricating oil are not hazardous or toxic. Plaintiffs are not entitled to pursue exemplary damages.
For the foregoing reasons, the judgment of the trial court is reversed and partial summary judgment is rendered dismissing plaintiffs' claims for exemplary damages.
REVERSED AND RENDERED.
*452 KIMBALL and JOHNSON, JJ., concur in result.
YELVERTON, J. Pro Tem., dissents and assigns reasons.
YELVERTON, Justice Pro Tem., dissenting.
Electricity is the only thing excluded, as a matter of law, from the term "hazardous or toxic substances" as used in Article 2315.3. Electricity was excluded by Act 302 of 1990. As originally introduced, Senate Bill No. 676 (which became Act 302) was to amend and reenact the article to define the term and exclude many things, including oil, from what might be hazardous or toxic. Committee action in both chambers rejected that definition and left excluded, as a matter of law, only electricity.
Most people think of oil as hazardous and toxic. The denial of summary judgment in the trial court and court of appeal was supported by affidavits and depositions of experts. The summary judgment evidence raised a genuine issue of material fact. Whether petroleum lubricating oil is hazardous or toxic in this case should be decided by the trier of fact.
NOTES
[1] Judge Henry L. Yelverton, Court of Appeal, Third Circuit, sitting by assignment in place of Associate Justice James L. Dennis. Lemmon, J., (recused) not on panel. Rule IV, § 3.