| iYELVERTON, Judge.
Plaintiffs, Billy Wayne Burr and his family, appeal the trial court’s summary judgment in favor of defendant, M.L. Smith, Jr., Inc. The lawsuit arose out of an accident in which plaintiff was injured while welding on a pressurized water tank which exploded.
Plaintiff alleges that the defendant-employer is subject to liability for exemplary damages under La.Civ.Code art. 2315.3 (repealed)[1] and Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94); 645 So.2d 604.[2] Finding that the materials involved in this matter could not be classified as either hazardous or toxic, the trial court granted the defendant’s motion for summary judgment. We affirm.
On May 4, 1994, the date of plaintiffs accident, M.L. Smith, Jr., Inc., was participating in a boiler job at the International Paper Company in Pineville, Louisiana. Plaintiff, who was employed by M.L. Smith, Jr., Inc., was instructed to weld and repair a small pinhole in a water tank. The tank contained a small amount of water. While plaintiff was welding the pinhole, the tank was pressurized with air in order to test whether, in fact, the pinhole had been repaired. The tank became over-pressurized resulting in an explosion causing serious personal injury to plaintiff.
La.Civ.Code art. 2315.3 authorized exemplary damages if plaintiffs injuries were caused by the defendant’s wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic materials. Plaintiffs demand was based on this article.
Plaintiffs single assignment of error on appeal is that the issue of whether the combination of air and water under high pressure conditions was hazardous should have been determined by a jury. He argues that it was not an appropriate matter for summary judgment.
In Chustz v. J.B. Hunt Transport, Inc., 95-0356 (La. 11/6/95); 662 So.2d 450, the supreme court rendered summary judgment, reversing the district court, and dismissed the plaintiffs exemplary damage claims under Article 2315.3. The court held that an 18-wheeler transporting lubricating oil was-not hauling a hazardous substance as a matter of law.
*534 In Giordano v. Rheem Manufacturing Co., 96-0739, 96-0758 (La.4/8/96); 671 So.2d 324, a natural gas hot water heater exploded causing damages. The trial judge denied the defendant’s motion for summary judgment on the subject of punitive damages and this circuit, in an unpublished writ disposition, denied the defendant’s writ application, but the supreme court granted writs and summarily granted summary judgment dismissing the plaintiffs claim for punitive damages under Article 2315.3.
The same thing happened in Smith v. Arcadian Corp., CW95-1216 (La.App. 3 Cir.1995) (unpublished); reversed, 96-0614 (La.5/3/96); 672 So.2d 698, involving the failure of a high-pressure reactor used in a fertilizer plant. The trial judge had dismissed the punitive damage claims on summary judgment. This circuit granted a writ and reversed and reinstated the punitive damage claim. The supreme court granted writs, reversed this circuit, and reinstated the dismissal of the punitive damage claims. Both Giordano and Smith were terse memorandum writ reversals that the supreme court obviously believed needed no explanation other than the citation to Chustz.
It is clear that the question of what is a hazardous substance may be appropriate for summary judgment. The supreme court in Chustz, 662 So.2d at 451, gave the definition that “[hjazardous substances are those that present substantial danger to public health and the environment.” Applying this definition, we find, as did the trial judge, that water and air in a tank under pressure is not a hazardous substance as a matter of law.
The judgment is affirmed at appellant’s cost.
AFFIRMED.
SAUNDERS, J., dissents and assigns written reasons.

. Although Article 2315.3 has been repealed, effective April 15, 1996, it was in full effect at the time of Mr. Burr's accident, which occurred on May 4, 1994.

. Overruled by Adams v. J.E. Merit Const., Inc., 97-2005, (La.5/19/98); 712 So.2d 88, 90.