. hSAUNDERS, Judge,
dissenting.
In Chustz v. J.B.Hunt Transport, Inc., 95-0356 (La 11/6/95); 662 So.2d 450, the law is stated as follows:
Although this statute does not define hazardous or toxic substances, the words must be given their generally accepted meaning. LSA-C.C. art. 11. Hazardous substances are those that present substantial danger to public health or the environment. A toxic substance is a substance poisonous to living organisms. Thus, the terms “hazardous” and “toxic” refer to substances which cause injury or death to human beings and/or create an environmental hazard.
Id. at 451. [Emphasis added.]
The majority draws from this language a most perplexing interpretation of La.Civ. Code art. 2315.3 which underscores the language “... to public health or the \ ¡¡environment ” and reads out the reference to “injury or death to human beings ...” I cannot agree with this interpretation.
(1) La.Civ.Code art. 2315 and its subdivisions are the foundation of tort law in Louisiana. The vast majority of claims under 2315 and its subdivisions are filed on behalf of individuals against other individuals or other legal entities. Article 2315.3 itself refers specifically to “plaintiffs injuries,” clearly envisioning any 2315 plaintiff and making no distinction between an individual plaintiff and the public generally. The idea that an individual cannot proceed under these articles is simply without foundation.
(2) While the court does define hazardous substances as “those that present substantial danger to public health or the environment,” it proceeds in the same paragraph to elaborate on this definition by telling us that a hazardous substance is one which “causes injury or death to human beings.” “Injury” and “death” are suffered by individuals, not by the public generally.
(3) The court makes it clear that the reason the plaintiff in Chustz cannot recover has nothing to do with his status as an “individual” rather than the “public.” Chustz could not recover because “cases of petroleum lubricating oil are not hazardous substances or toxic.” Id. at 451. Had they been — Chustz would have recovered.
(4) Regardless of whether or not a distinction can be made between an individual and the “public,” a combination of substances which cause an explosion of the magnitude as *535 the one which injured Burr must be considered hazardous. This explosion was, at least arguably, great enough to cause injury or death to an individual, the environment, and/or the public generally.
|accordingly, under the Chustz’ definition, regardless of how one reads Chustz, we are dealing with a hazardous substance. Summary judgment is clearly inappropriate and I respectfully dissent.