745 So.2d 713 (1999)
Percy J. GUILLORY, Jr., et ux., Plaintiffs-Appellants,
v.
OLIN CORPORATION, et al., Defendants-Appellees.
No. 99-567.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
Rehearing Denied December 1, 1999.
Writ Denied February 18, 2000.
*714 Jennifer J. Bercier, J.B. Jones, Jr., Cameron, Robert M. McHale, Michael H. Schwartzberg, Lake Charles, for Percy J. Guillory, et ux.
Thomas M. Bergstedt, Lake Charles, Annette N. Peltier, for Olin Corp., et al.
Edward Frederick Kohnke, IV, James Robert Silverstein, New Orleans, for Automatic Switch Co.
Before YELVERTON, WOODARD and PICKETT, Judges.
PICKETT, Judge.
Plaintiff was seriously injured in a workplace accident that occurred when a malfunctioning valve problem caused a rupture in the TDI Unit's muriatic acid absorbers resulting in a chemical exchange which created an explosion. The trial court failed to find the Defendant was substantially certain the accident would occur and granted summary judgment and motion for judgment on the pleadings in favor of the Defendants. Plaintiff now appeals. For the following reasons, we affirm.

BACKGROUND
Plaintiffs filed suit against Olin Corporation, Automax, Inc., Automatic Switch Company, and Durco seeking compensatory and punitive damages for injuries sustained while in the course and scope of his employment with Olin. Plaintiff was seriously injured when a valve malfunctioned, causing the muriatic acid accumulator to rupture, resulting in a chemical reaction which created an explosion.
Durco and Automax were not served and dismissed. Automatic Switch was dismissed by summary judgment. Olin Corporation filed a Motion for Judgment on the pleadings as to Plaintiffs' claim for punitive damages and a Motion for Summary Judgment, contending that Olin is immune under the Louisiana Workers' Compensation Act because Olin did not commit any intentional tort. The trial judge granted Olin's motions.

FACTS
Plaintiff was employed as an "outside" operator in the TDI Unit at the Olin Corporation chemical plant in West Calcasieu Parish, Louisiana. When he arrived at work for the night shift at 6:00 p.m., the unit was shut down but returned to start-up mode during his shift. Plaintiff was directed to go the area three pump, or MCB pump, which was inoperable.
Plaintiff attempted to start the three pump with a co-worker. Plaintiff and his co-worker informed the board operator that they heard noises coming from the overhead pipe rack, which they were told was not abnormal. The board operator observed pressure levels increasing and within minutes there was an explosion of the muriatic acid accumulator. Once the explosion occurred, the board operator shut everything down and completely depressurized the unit. Plaintiff was seriously injured from the accident, and his co-worker died. The Defendant began paying workers' compensation benefits immediately after the accident and continued to pay benefits and medical expenses.
The MCB pump and muriatic acid accumulator are in separate systems of the unit. The chain of events above elapsed in eight to nine minutes. When the explosion occurred, a liquid spill of 1,100 gallons of 36% muriatic acid, and a gas release of a calculated quantity of 374 pounds of Hcl and 36 pounds of phosgene resulted. Plaintiff sustained acid burns and gas inhalation and his co-worker died. Defendant, Olin, had never experienced such an accident.
Testimony presented indicated the explosion was the result of a rupture of the V-13 vessel, or muriatic acid accumulator. The vessel ruptured due to overpressurization. First, the release system was impaired, *715 and vapors were mixed with liquid phosgene. At the time of the accident, the line was handling both vapor and liquid, but was designed to handle only liquid. This liquid phosgene got into the system because of the failure of the HCV-204 valve.
The valve had malfunctioned in the past, and an investigation found that part of the valve was improperly installed. The liquid phosgene prevented the vapor from being diverted creating pressure inside the vessel which was greater than the vented pressure. Secondly, the energy input was found to be above anticipated levels. Following the accident, OSHA conducted an investigation. Twenty-three citations were issued to Olin and Olin was fined $150,000.00.

ASSIGNMENT OF ERROR
The trial judge erred in granting the motion for summary judgment and the motion for judgment on the pleadings of the Defendant Olin Corporation.

OPINION
The question here is whether a material issue of fact exists which renders the trial court's granting of summary judgment in favor of Defendant inappropriate. A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. La.Code Civ.P. art. 966.
Summary judgment is now favored, however, the mover still bears the burden of establishing that no material issue of fact exists. Stephenson v. Van Vleit, 96-1407 (La.App. 3 Cir. 4/30/97); 693 So.2d 858 writ denied, 97-1431 (La.9/19/97); 701 So.2d 174. Facts are material if they determine the outcome of the legal dispute and the materiality of a particular fact must be made in the light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
The first step in our analysis requires a review of the record for any material facts in dispute, in light of the applicable substantive law, that are outcome determinative. The applicable substantive law in this case revolves around the intentional act exception of the Workers' Compensation Statute found in La.R.S. 23:1032(B).
Recent case law addressing what constitutes an "intentional act" for purposes of the Workers' Compensation exception involves appeals filed after trial on the merits is distinguishable from the present case which is regarding the appropriateness of summary judgment. See Wainwright v. Moreno's, Inc., 602 So.2d 734 (La.App. 3 Cir.1992); Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99); 731 So.2d 208. Our analysis considers whether the facts in this case are material given the substantive case law defining "intentional act" or whether we can find as a matter of law that the intentional act exception is inapplicable.
Plaintiff's cause of action is based on the alleged commission of an "intentional act" as defined by La.R.S. 23:1032(B). La.R.S. 23:1032(B) provides an intentional act exception which does not include "deliberate" acts or "gross negligence." Reeves, 731 So.2d at 208. The statute as enacted limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation. The Plaintiff must prove employer's intent which is defined as: (1) consciously desiring the physical results of the particular conduct, or (2) knowledge that the physical results were "substantially certain" to follow such conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
The question is did Plaintiff prove based on the pleadings, depositions, answers *716 to interrogatories, admissions on file, and affidavits that Defendant had the requisite intent for a tort action or that material issues of fact are in dispute. An appellate court reviews a summary judgment de novo, using the same criteria as the district court which determined that summary judgment was appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180.
Although believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. Reeves, 731 So.2d at 212." Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." Reeves, 731 So.2d at 213, quoting Jasmin v. HNV Cent. Riverfront Corp., 94-1497 (La.App. 4 Cir. 8/30/91); 642 So.2d 311, 312, writ denied, 94-2445 (La.12/9/94); 647 So.2d 1110.
Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff.
Ponthier v. Brown's Manufacturing, Inc., 95-1606 (La.App. 3 Cir.1996); 671 So.2d 1253.
After reviewing the record, we find Defendant acted negligently but the record lacks support for the finding of an intentional act on the part of the Defendant. The board operator tried to manage the accident unaware that an explosion would result from the unknown chemical chain reaction created by the two-phase flow of vapor and liquid. The cause of this chemical chain reaction was not determined until almost a month after the accident date.
We hold that the Plaintiff cannot produce a factual basis to support the generalized intent allegations of the petition and that the trial court did not err in granting summary judgment. For the foregoing reasons, we affirm. Costs are assessed to the Plaintiffs.
AFFIRM.
WOODARD, J., DISSENTS.