756 So.2d 613 (2000)
Paul LABBE, et al.
v.
CHEMICAL WASTE MANAGEMENT, INC., et al.
No. 99-1562.
Court of Appeal of Louisiana, Third Circuit.
March 29, 2000.
Writ Denied June 23, 2000.
*614 Mark Delphin, Lake Charles, Louisiana, Counsel for Plaintiff-Appellant.
Lydia Guillory Lee, Lake Charles, Louisiana, Counsel for Plaintiff-Appellant.
Eulis Simien, Jr., Simien & Simien, L.L.C., Baton Rouge, Louisiana, Counsel for Plaintiff-Appellant.
Thomas Hubert, Cornelius Heusel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, Louisiana, Counsel for Defendant-Appellee Chemical Waste Management, Inc.
Court composed of Judge JIMMIE C. PETERS, Judge GLENN B. GREMILLION, Judge ELIZABETH A. PICKETT.
GREMILLION, Judge.
The plaintiffs, Paul and Valtelene Labbe, appeal the trial court's grant of summary judgment in favor of the defendant, Chemical Waste Management, Inc. (CWM), dismissing Paul's claim for exemplary damages pursuant to La.Civ.Code art. 2315.3. For the following reasons, we affirm.
The Labbes, individually and on behalf of their minor and major children, originally filed suit against CWM and its insurer, Transportation Insurance Company, on June 20, 1989, alleging their entitlement to damages as a result of the injuries suffered by Paul due to the intentional infliction of emotional distress by his superiors, officers, and co-employees of CWM. Alternatively, Paul sought damages pursuant to the Workers' Compensation Act. On December 2, 1991, a settlement was reached with regard to Paul's workers' compensation claim, whereby he partially dismissed CWM and fully dismissed Transportation Insurance from the suit. However, he reserved his right to proceed against CWM on his tort claim. The Labbes later amended their petition to add a claim for damages arising from CWM's failure to reasonably accommodate Paul pursuant to *615 Louisiana's Handicap Discrimination Act, La.R.S. 46:2251, et seq. CWM filed a motion for summary judgment on both of the Labbes' claims. This motion was denied.
The matter at issue in this appeal concerns the Labbes' claim for exemplary damages pursuant to Article 2315.3. In their second amending petition, they alleged that Paul was exposed to hazardous or toxic substances as a result of CWM's "wanton, reckless, and intentional disregard for public safety in their storage, handling, and transportation" of these substances. More specifically, they alleged that Paul was exposed to poly chlorinated bythenol (PCB's) in the summer of 1988, when loads of the substance were wrongfully placed in the landfill and then excavated by CWM and placed uncovered in the wash rack where he worked. The Labbes claimed that CWM was aware of the dangers of exposure to PCB, and that "it intentionally and/or recklessly failed to take precautions to minimize the exposure of plaintiff, Paul Labbe, and other employees to said hazardous or toxic substances." Additionally, they claim that CWM failed to provide notice to the Louisiana Department of Environmental Quality or other appropriate regulatory agencies, and that it failed to allow those agencies to supervise or oversee the removal of the PCB's.
In another instance during the summer of 1988, the Labbes allege that Paul complained to CWM about the danger of handling loads, and that one of these loads resulted in a flash fire which injured a co-employee. They allege that despite Paul's continued complaints, and CWM's awareness of the potential for injury, it failed to take any remedial action in the manner in which workers continued handling the loads. They allege that a subsequent flash fire occurred in the wash rack involving the same hazardous or toxic substances and that CWM failed to report either fire to the appropriate regulatory agency.
Finally, the Labbes allege that Paul was exposed to toxic gases and lost consciousness as a result of CWM's negligence in failing to properly warn him of the nature of the substance, and by failing to provide him with "clean, respirable air and proper ventilation" or advise him as to the proper safety equipment required for his assigned duties. Additionally, they allege that CWM failed to inform the regulatory agencies of this incident, and that it intentionally mis-identified the gas to the examining doctor.
In response, CWM filed peremptory exceptions of res judicata, and prescription. These were denied by the trial court. CWM sought supervisory writs from this court and the supreme court; both of which were denied. Labbe v. Chemical Waste Management, 97-1810 (La.10/3/97); 701 So.2d 211.
CWM filed a motion for summary judgment on Paul's Article 2315.3 claim for exemplary damages, arguing that he was precluded from seeking such damages based on the supreme court's holding in Adams v. J.E. Merit Construction, Inc., 97-2005 (La.5/19/98); 712 So.2d 88. It further argued that summary judgment was appropriate since Labbe would be unable to prove that it acted intentionally in exposing him to hazardous or toxic substances.
Following a hearing on the motion for summary judgment, the trial court granted judgment in favor of CWM, finding that the evidence presented failed to establish a genuine issue of material fact on the issue of intentional conduct by CWM. Upon request of Labbe, the trial court certified the matter as a final judgment for appeal purposes. This appeal followed.

ISSUES
The Labbes raise three assignments of error on appeal. They claim that the trial court erred by misinterpreting their claims as being "bootstrapped" to claims of unrelated intentional torts. They also claim that the trial court erred in dismissing their claims for exemplary damages, since *616 they established genuine issues of material fact related to their claim that CWM intentionally exposed Paul to hazardous substances. Finally, the Labbes argue that the trial court erred in dismissing their Article 2315.3 claim since their intentional infliction of emotional distress claim would provide them with general and special damages and, thus, would allow them to claim exemplary damages under the wording of the article.

SUMMARY JUDGMENT
Summary judgment is now favored and will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal an absence of any genuine issues of material fact. La.Code Civ.P. art. 966(B). Although the burden of proving summary judgment remains with the mover, the burden shifts to the adverse party if the mover points out that there is an "absence of factual support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art. 966(C)(2). Summary judgment shall be granted "if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." Id.
Summary judgments are reviewed de novo under the same criteria that govern the trial court's consideration of whether the grant of summary judgment is proper. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991).
In 1988, Article 2315.3 provided exemplary damages if the plaintiffs injuries resulted from the "defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances."[1] In Adams, 712 So.2d 88, the supreme court ruled that La.R.S. 23:1032(A) precludes an employee from seeking punitive damages from his employer under Article 2315.3 for damages suffered as a result of an employment related injury. However, the court left open the question of whether an employee can recover punitive damages if his injuries result from an intentional act on the part of the employer. Id.
In Guillory v. Olin Corp., 99-567, pp. 4-5 (La.App. 3 Cir. 10/13/99); 745 So.2d 713, 715-16, we reviewed the employee's burden of proof with regard to the intentional tort exception to La.R.S. 23:1032:
Plaintiffs cause of action is based on the alleged commission of an "intentional act" as defined by La.R.S. 23:1032(B). La.R.S. 23:1032(B) provides an intentional act exception which does not include "deliberate" acts or "gross negligence." Reeves [v. Structural Preservation Systems, 98-1795 (La.3/12/99); 731 So.2d 208,] 208. The statute as enacted limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation. The Plaintiff must prove employer's intent which is defined as: (1) consciously desiring the physical results of the particular conduct, or (2) knowledge that the physical results were "substantially certain" to follow such conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
. . . .
Although believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. Reeves, 731 So.2d at 212. "Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" *617 or "incapable of failing." Reeves, 731 So.2d at 213, quoting Jasmin v. HNV Cent. Riverfront Corp., 94-1497 (La.App. 4 Cir. 8/30/91); 642 So.2d 311, 312, writ denied, 94-2445 (La.12/9/94); 647 So.2d 1110.
Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff.

Ponthier v. Brown's Manufacturing, Inc., 95-1606 (La.App. 3 Cir.1996); 671 So.2d 1253.
CWM introduced several exhibits in support of its motion. These consisted of excerpts from depositions by Paul, James Guy Hankins, Clyde William Kitto, and Dr. Keith Nabours, and the affidavit of Michael Edward Murray. After reviewing these, we find that CWM has pointed out an absence of factual support for the Labbes' claim that it acted intentionally in exposing Paul to toxic or hazardous substances. The burden shifts to the Labbes to make a prima facie showing, "based on the pleadings, depositions, answers to interrogatories, and admissions on file, and affidavits that Defendant had the requisite intent for a tort action or that material issues of fact are in dispute." Guillory, 745 So.2d at 716.
After reviewing the record, we find that the evidence produced by the Labbes fails to establish that they will be able to satisfy their evidentiary burden of proof at trial. The Labbes' allegations boil down to allegations that CWM failed to provide Paul with a safe working environment and failed to provide him with the proper safety equipment. As stated in Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99); 731 So.2d 208, 211, "courts of appeals have likewise narrowly construed the intentional act exception according to its legislative intent and have almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment." Although CWM's actions may rise to the level of negligence or even gross negligence, they do not rise to the level of an intentional tort. Accordingly, the trial court's grant of summary judgment in favor of CWM was proper.
Moreover, we disagree with the Labbes' argument that Paul's Article 2315.3 claim is still viable despite Adams, since they can recover general and special damages via their intentional infliction of emotional distress claim. While we do not address the merits of the Labbes' intentional infliction of emotional distress claim, we hold that that claim does not present them with an avenue for recovery of exemplary damages pursuant to Article 2315.3.
In order to recover exemplary damages pursuant to Article 2315.3, the Labbes must prove (1) that CWM's "conduct was wanton and reckless, involving an extreme departure from ordinary care in situations where high degree of danger is apparent;" (2) that the danger created by CWM's conduct "threatened or endangered public safety;" (3) "that the conduct occurred in the storage, handling or transportation of hazardous or toxic substances;" and (4) that the Paul's injury was caused by CWM's conduct. Cash v. McGregor, 31,537, pp. 8-9 (La.App. 2 Cir. 2/24/99); 730 So.2d 497, 501, writ denied, 99-1117 (La.6/4/99); 744 So.2d 628. The exemplary damages provided are in addition to general and special damages, "i.e., the exemplary damages arise out of the same `operative facts which give rise to the plaintiff's right to judicially assert the action *618 against the defendant.'" Porche v. Continental Ins. Co., 95-840, p. 2 (La.App. 4 Cir. 5/16/95); 655 So.2d 788, 789, quoting Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993).
Article 2315.3 claims have been dismissed when plaintiffs, although injured during the process of handling or transporting hazardous substances, were not injured by the hazardous or toxic substances themselves. Ellis v. Binkley, 98-149 (La. App. 5 Cir. 6/30/98); 716 So.2d 440, writ denied, 98-2771 (La.1/8/99); 735 So.2d 633; Adams v. Marathon Oil Co., 96-693 (La. App. 5 Cir. 1/15/97); 688 So.2d 75; Broussard v. Rogers, 628 So.2d 1351 (La.App. 5 Cir.1993), writ denied, 94-0113 (La.1/27/95); 649 So.2d 378; Pickering v. Henry, 720 F.Supp. 69 (M.D.La.1989). If the hazardous or toxic substance must cause the injury, it is axiomatic that the general and special damages mentioned in Article 2315.3 must arise from the same operative facts leading to the plaintiff's Article 2315.3 claim. This finding comports with the strict construction accorded statutes which are penal in nature. Chustz v. J.B. Hunt Transport, Inc., 95-0356 (La.11/6/95); 662 So.2d 450.
In this instance, the Labbes' potential for receiving general and special damages via their intentional infliction of emotional distress claim does not arise from the same operative facts leading to their Article 2315.3 claim. Accordingly, we find that they are precluded from seeking exemplary damages pursuant to that article.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants, Paul and Valtelene Labbe.
AFFIRMED.
NOTES
[1] La.Civ.Code art. 2315.3 was repealed by Acts 1996, 1st Ex.Sess., No. 2, § 1, eff. April 16, 1996.