# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-1067


**HEATHER HOFFMAN**

**VERSUS**

**TARGET CORPORATION OF MINNESOTA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 20033534
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


Bob Broussard
D. Patrick Daniel, Jr.
201 Rue Iberville, Suite 300
P.O. Box 80827
Lafayette, Louisiana 70598-0827
(337) 232-3333
COUNSEL FOR PLAINTIFF/APPELLANT:
    Heather Hoffman

John S. Lawrence, Jr.
David P. Curlin
Lawrence & Associates
215 St. Ann Drive, Ste. 2
Mandeville, Louisiana 70471
(985) 674-4446
COUNSEL FOR DEFENDANT/APPELLEE:
    Target Corporation of Minnesota

**COOKS, Judge.**

## STATEMENT OF THE CASE

The Plaintiff, Heather Hoffman, was employed by Target Corporation of Minnesota (Target) in the bakery/deli department. Throughout the day, she was required to retrieve items from the back freezer to be used in her department. On April 4, 2003, while carrying a box of bagels, she slipped and fell on ice present on the freezer floor. She filed a tort action against her employer based on the intentional act exception to the workers' compensation statute found in La.R.S. 23:1032(B). The trial court granted a summary judgment in favor of Target finding Ms. Hoffman's exclusive remedy is in workers' compensation. This appeal followed. For the reasons assigned below, we affirm the decision of the trial court.

## LAW AND DISCUSSION

The intentional tort exception to the workers' compensation statute is found in La.R.S. 23:1032(B) which provides, in relevant part:

> Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional tort.

In *Guillory v. Olin Corp.,* 99-567, pp. 4-5 (La.App. 3 Cir. 10/13/99), 745 So.2d 713, 715-16, *writ denied*, 99-3600 (La. 2/18/00), 754 So.2d 968, this court explained the requirements under the intentional act exception found in La.R.S. 23:1032(B):

> The statute as enacted limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation. The Plaintiff must prove the employer's intent which is defined as: (1) consciously desiring the physical results of the particular conduct, or (2) knowledge that the physical results were "substantially certain" to follow such conduct. *Bazley v. Tortorich*, 397 So.2d 475 (La. 1981).
> . . . .

Although believing that someone may, or even probably will, eventually

2

get hurt if a workplace practice is continued, does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. *Reeves* [*v. Structural Preservation Systems,* 98-1795 (La.3/12/99,] 731 So.2d [208] at 212. "Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." *Reeves*, 731 So.2d at 213, *quoting Jasmin v. HNV Cent. Riverfront Corp.* 94-1497 (La.App. 4 Cir. 8/30/91); 642 So.2d 311,312, *writ denied*, 94-2445 (La. 12/9/94); 647 So.2d 1110.

The plaintiff has the burden of proving the work-related injury resulted from an intentional act. *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La. 1984). "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Reeves*, 731 So.2d at 210, *quoting* Larson, @ A *Workmen's Compensation Law*, § 68.13 (1989). "[A]llegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff." *Labbe v. Chemical Waste Management, Inc.*, 99-1562, p. 5 (La.App. 3 Cir. 3/29/00), 756 So.2d 613, 617.

The jurisprudence has narrowly construed the intentional tort exception to the exclusivity clause in the workers' compensation statute. In *Mouton v. Blue Marlin Specialty Tools, Inc.*, 01-648 (La.App. 3 Cir. 10/31/01), 799 So.2d 1215, the plaintiff was hired by Blue Marlin to clean and recondition used oilfield pipe and rental

equipment. He sought medical treatment when a piece of metal became lodged in his eye. He also complained of severe headaches, dizziness, breathing difficulty, and chest pains. His physician wrote a note to his supervisors advising that he "avoid Varsol and other solvent exposures to skin or to strong fumes." The plaintiff gave the note to his employer, but continued to perform the same duties. When he became ill, he sued his employer under the intentional tort exception. This court found the plaintiff failed to carry his burden of proof, stating: "The statute as enacted limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation." *Mouton*, 799 So.2d at 1219. *See also, Labbe v. Chemical Waste Management, Inc.*, 99-1562 (La.App. 3 Cir. 3/29/00), 756 So.2d 613; *Reeves v. Structural Preservation Systems,* 98-1795 (La. 3/1/99), 731 So.2d 208.

Ms. Hoffman contends the ice accumulated on the freezer floor in areas where she and other employees were required to work created an unreasonably dangerous condition. Target had specific knowledge of the dangerous conditions but took no remedial measures to correct the problem other than requiring its employees to break up and remove the ice from the freezer floor. Target did not provide its employees with training regarding how to work on or around ice and did not provide safety equipment while working in the freezer. Ms. Hoffman alleges Target intentionally exposed her to the risk of falling on a daily basis. In support of her position, Ms. Hoffman offered the testimony of several co-employees.

Barbara Jean worked in the bakery/deli department. She testified the back freezer and the bakery freezer had a history of accumulating ice on the freezer floor. Periodically, the ice would be broken up and removed from the freezer by either a

4

bakery employee or someone from maintenance. Ms. Jean testified she occasionally slipped on the ice but had never fallen. However, Ms. Jean never mentioned this incident to an employee or supervisor of Target.

Ms. Hoffman submitted the testimony of Tyra Guilbeau, her immediate supervisor. Ms. Guilbeau testified it was common knowledge ice would be present on the freezer floor. However, Ms. Guilbeau stated this would occur when the freezer door was left open.

Kaili Broussard, the bakery executive team leader, testified Target called in a maintenance company to service the freezer on several occasions. Ms. Broussard testified the ice was caused by condensation forming when the freezer doors were left open by the bakery employees. Specifically, condensation would drip from one of the fans in the freezer onto the floor. Once the freezer door was closed the temperature would drop below freezing and the condensation would form ice on the floor. Ms. Broussard knew of the icy conditions and would receive instructions from her supervisor to remove the ice and remind the bakery employees to keep the freezer door closed. She personally met with several employees instructing them about the freezer door.

We have reviewed the testimony presented and conclude Ms. Hoffman will be unable to carry the burden of proving Target consciously desired an injury to occur or was substantially certain its conduct in maintaining the freezer in that condition would cause injury to Ms. Hoffman. It is undisputed ice accumulated on the floor of the freezer was caused by the carelessness of employees leaving the freezer door open. Target attempted to remedy the situation and cautioned the Plaintiff and others about the icy conditions. However, even if Plaintiff demonstrates the presence of ice on the freezer floor created a hazardous condition in violation of safety regulations,

5

the "jurisprudence has made it clear this alone is not sufficient to raise a fact question on the issue of intentional tort." *Mouton*, 799 So.2d at 1220. We agree with the trial court that Plaintiff will be unable to support a claim under the intentional act exception to the workers' compensation statute. Accordingly, we affirm the decision of the trial court granting the summary judgment in favor of Target.

## DECREE

Based on the foregoing review of the evidence, we affirm decision of the trial court finding Ms. Hoffman's exclusive remedy to be in workers' compensation. All costs of this appeal are assessed to Heather Hoffman.

**AFFIRMED.**