569 So.2d 656 (1990)
Leo GRAY, et ux., Plaintiffs,
v.
McINNIS BROTHERS CONSTRUCTION, INC., et al., Defendant.
No. 21,877-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
*657 Donald R. Miller, Shreveport, for plaintiffs.
Lunn, Irion, Johnson, Salley & Carlisle by Brian Lee Coody, Mayer, Smith & Roberts by Alex Smith and Alex Lyons, Bodenheimer, Jones, Klotz & Simmons by J.W. Jones, Peatross, Greer & Fraizer by John McGinty Frazier, Shreveport, for defendant.
Before FRED W. JONES, JR., and HIGHTOWER, JJ., and LOWE, J. pro tem.
HIGHTOWER, Judge.
This is a tort suit against an employer for work-related injuries. Contending that defendant intentionally disregarded a safety statute, plaintiffs appeal a summary judgment granted on grounds that worker's compensation affords the exclusive remedy. For the reasons hereinafter expressed, we affirm.

FACTS
In 1986, McInnis Brothers Construction, Inc. ("McInnis"), defendant, contracted with the City of Shreveport to expand a water treatment facility in accordance with plans and specifications provided by Black and Veatch, a consulting engineering firm. One phase of the project required McInnis' carpenters to tie-off metal forms into which concrete would be poured to create troughs for the flow of water.
While performing that task, plaintiff Leo Gray, a carpenter for defendant, fell from a ten-foot-high scaffold lacking guardrails. The mishap occurred when a co-employee, positioned near the end of a 55-foot row of unsecured forms, accidentally stepped onto one of the forms, causing it and the others to topple over like dominoes, all falling toward plaintiff. Ultimately, the forms knocked Gray from the scaffold to the cement below, causing his injuries.
Gray (hereinafter simply "plaintiff") and his wife filed suit against McInnis and others. The petition alleged that, by ordering removal of the guardrails and thereby violating Louisiana law and OSHA regulations, the employer committed an intentional tort and allowed plaintiff to escape the exclusivity of the Worker's Compensation Act. In the motion for summary judgment, McInnis asserted that it did not intentionally injure its employee, that there did not exist "a substantial certainty" that plaintiff would be harmed as a result of the absence of guardrails, and that no genuine issue of material fact existed on these questions.
The trial court granted the motion after considering the pleadings and the deposition of plaintiff, along with depositions of the job superintendent for McInnis, a field representative engineer for Black and Veatch, and a project engineer for the same engineering firm. It is from this adverse judgment, dismissing McInnis from the suit, that plaintiffs appeal.

DISCUSSION
Of course, the legal principles regarding a summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This is a heavy burden. Only when reasonable minds must inevitably concur is summary judgment warranted, and any doubt should be resolved in favor of trial on the merits. Sargent v. La. Health Service & Indemnity Co., 550 So.2d 843 (La.App. 2d Cir.1989); Ebarb v. Erwin, 530 So.2d 1166 (La.App. 2d Cir.1988).
LSA-R.S. 23:1032 restricts employees injured in the course and scope of their employment to recovery of worker's compensation *658 benefits, unless the injury resulted from an "intentional act." Intentional act is synonymous with "intentional tort." Bazley v. Tortorich, 397 So.2d 475 (La. 1981). Since intent has reference to the consequences of the act, rather than the mere act itself, the exclusive remedy rule applies unless the actor consciously desires the physical results of his act, or knows such results are substantially certain to follow from his act. Bazley, supra; Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2d Cir.1985).
The petition does not allege that McInnis intended to harm plaintiff. Furthermore, in his deposition, plaintiff specifically denied that anyone intentionally caused him to be injured. Instead, it is contended that the intentional failure to provide safety rails, in violation of LSA-R.S. 40:1672[1] and standards promulgated by the Secretary of Labor in accordance with the Occupational Safety and Health Act of 1970 (29 U.S.C. 651, et seq.),[2] made it substantially certain that accidents such as that which befell plaintiff would occur.
"Substantially certain" is not an alternative to "intentional act," but a method of proving that the act was intentional. Gallant v. Transcontinental Drilling Co., supra; Snow v. Gulf States Utilities Co., 492 So.2d 31 (La.App. 1st Cir.1986), writ denied, 496 So.2d 349, 356 (La.1986); Babin v. Edwards, 456 So.2d 659 (La.App. 1st Cir.1984), writ denied, 460 So.2d 604 (La. 1984). Demonstrating intent by this method requires proof of a strong connexity between the defendant's conduct and the plaintiff's injuries, Gallant, supra, and requires more than a reasonable probability that an accident or injury will occur, Snow, supra. Indeed, the employee must prove that his injury was "virtually sure" to follow, or "nearly inevitable." Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2d Cir.1981), writ denied, 412 So.2d 1095 (La. 1985). Accord Gallant, supra. Hence, negligent conduct, or even grossly negligent conduct, does not serve for the legal imputation of intent. Gallant, supra; see also Maddie v. Plastic Supply and Fabrication, Inc., 434 So.2d 158 (La.App. 5th Cir.1983), writ denied, 435 So.2d 445 (La. 1983).
The deposition testimony established that guardrails were not in place on the side of the scaffold from which plaintiff fell. The job supervisor had allowed erection of scaffolds without these safety devices after workers complained of difficulty in maneuvering buckets around them when pouring cement into the forms. Working without the railings, more than three forms had been poured without incident. Plaintiff admitted he neither complained about the lack of guardrails nor heard anyone else vocalize concern over their absence.
Without the exact combination of eventsunsecured forms lined up in a row; a co-employee accidentally stepping onto one form, causing the others to fall like dominoes; and plaintiff positioned, tying off forms near at handplaintiff would not have been injured. These fortuitous circumstances hardly necessitate the conclusion that the result was nearly inevitable or virtually sure to follow, even assuming arguendo the intentional violation of a safety statute.

CONCLUSION
Finding no genuine issue as to any material fact, and McInnis being entitled to judgment dismissing the demands against it as a matter of law, we affirm the action *659 of the trial court. Costs of appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] LSA-R.S. 40:1672. Scaffolds, supports, or other mechanical contrivances.

All scaffolds, hoist cranes, stays, ladders, supports, or other mechanical contrivances erected by any person for use in the erection, repairing, alteration, removing, or painting of any building, bridge, viaduct, or other structure shall be constructed, placed, and operated so as to give proper and adequate protection to any person employed or engaged thereon or passing under or by it, and in such a manner as to prevent the falling of any material that may be used or deposited thereon.
[2] Standards so promulgated to assure the greatest protection of the safety and health of employees utilizing scaffolds are found generally in 29 C.F.R. Ch. XVII.