793 So.2d 247 (2001)
Linda HENDERSON, et al, Plaintiffs-Appellants,
v.
CLAIBORNE ELECTRIC, et al, Defendants-Appellees.
No. 34,825-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
*248 Willie Hunter, Jr., Monroe, Counsel for Appellants.
Lunn, Irion, Johnson, Salley & Carlisle by Richard B. King, Jr., Shreveport, Ungarnio & Eckert, L.L.C. by Brian D. Smith, Shreveport, Counsel for Appellees.
Before BROWN, WILLIAMS and PEATROSS, JJ.
BROWN, J.,
On November 30, 1996, while working to restore power following a storm, Curtis L. Henderson, Jr., a lineman with Claiborne Electric Cooperative, Inc., stepped on a live wire and was killed. His widow and five minor children received workers' compensation death benefits.
Thereafter, individually and on behalf of her five children, Linda Henderson filed the instant tort action. Named as defendants were Henderson's employer, Claiborne Electric, Jerry Williams, general manager, and Emmett Silmon, one of Henderson's co-workers. According to plaintiffs' petition, Henderson's death was due to the failure of his co-workers, particularly *249 Silmon, to abide by certain safety procedures.
Defendants filed a motion for summary judgment, urging that plaintiffs' exclusive remedy was in workers' compensation. The parties submitted affidavits, depositions and documentary evidence in support of and in opposition to the motion. The court ruled in favor of defendants and dismissed plaintiffs' petition. From this adverse ruling, plaintiffs have appealed.

Discussion
Workers' compensation represents a compromise. An employee is guaranteed modest compensation regardless of fault or the nature of the injury and the employer is not subject to unpredictable tort damages. We start with the proposition that employers and their employees are immune from all tort actions arising from workplace injuries. La.R.S. 23:1032(A). The exclusive remedy for injuries occurring within the course and scope of employment is workers' compensation; however, La. R.S. 23:1032(B) provides an exception for intentional acts of the employer or a co-worker.
In order to recover in tort under La.R.S. 23:1032(B), plaintiffs must prove that Henderson's death resulted from an "intentional act." The legislature did not define "intentional act" but left it for the courts to develop. In Reeves v. Structural Preservation Systems, 98-1795 (La.03/12/99), 731 So.2d 208, the supreme court analyzed legislative history and jurisprudence. The court concluded that a truly intentional act requires that the actor consciously desire to inflict the physical injury. Recognizing the difficulty of establishing such a subjective state of mind, the court utilized a substantially certain criterion as a method of proving the state of mind of the actor. See also Carrier v. Grey Wolf Drilling Co., 00-1335 (La.01/17/01), 776 So.2d 439; and, Guillory v. Olin Corporation, 99-567 (La.App. 3d Cir.10/13/99), 745 So.2d 713, writ denied, 99-3600 (La.02/18/00), 754 So.2d 968.
The supreme court in Reeves, supra, noted that the jurisprudence has narrowly construed the intentional act exception and that courts have held, almost without exception, that violations of safety standards or the failure to provide safety equipment are not intentional acts absent proof of either defendants' desire to harm plaintiff or defendants' knowledge that their conduct would inevitably cause injury to plaintiff.
In this case, plaintiffs have not alleged that defendants consciously desired to cause Henderson's death. Instead, they have alleged that a co-employee's failure to follow company policy by taking the required safety precautions made Henderson's death by electrocution substantially certain to occur.
As stated, "substantially certain" is not an alternative to "intentional act," but a method of proving that an act was intentional. Gray v. McInnis Brothers Construction, Inc., 569 So.2d 656 (La.App. 2d Cir.1990); Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2d Cir.1985). Demonstrating intent by this method requires proof of a strong connexity between the defendant's conduct and the plaintiff's injuries and requires more than a reasonable probability that an accident or injury will occur. Reeves, supra; Gallant, supra; Snow v. Gulf States Utilities Co., 492 So.2d 31 (La.App. 1st Cir. 1986), writs denied, 496 So.2d 349, 356 (La.1986). Indeed, "substantial certainty" requires a showing that the injury must be inevitable; the injury-causing event must be incapable of failing. Reeves, supra; Snow v. Lenox International, 27,533 (La. App.2d Cir.11/01/95), 662 So.2d 818; Guillory, supra.
In their motion for summary judgment, defendants disputed plaintiffs' allegation that Henderson's accident was substantially *250 certain to occur. Pursuant to La.C.C.P. art. 966(C)(2), defendants' burden on the summary judgment motion does not require them to negate all essential elements of plaintiffs' claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to plaintiffs' claim. Defendants satisfied this burden by submitting the affidavits of Emmett Silmon and Jerry Williams, who denied that they actively desired or believed that Henderson's accident would occur.
At this point, plaintiffs could not simply rest on their pleadings to show that a material fact was in dispute, but had to produce evidence which, if believed, would satisfy their evidentiary burden of proof at trial. La.C.C.P. art. 966(C)(2); Carrier, supra; Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606. Notwithstanding the numerous exhibits attached to their opposition to summary judgment, including excerpts from procedure manuals and handbooks, a copy of the accident investigation report, depositions and statements of lay and expert witnesses, plaintiffs produced no factual support for their allegation that defendants' failure to follow company procedures and/or failure to use specific safety equipment made Henderson's accident and resulting death substantially certain to occur.
The fatal accident occurred when Curtis Henderson and a co-worker were attempting to restore power following a storm. Henderson was trying to get a broken line back in service when he stepped on a live wire and was electrocuted. At a different location, Emmett Silmon had restored power to the lines pursuant to directions from the dispatcher who had also ordered that all wires at Henderson's work site be grounded. The wire that Henderson stepped on was not grounded. Defendants claim that it was Henderson's responsibility to ground the wire while plaintiffs contend that it was Silmon's obligation. In their argument before the trial court, plaintiffs stated that Silmon "assumed that a couple of the lines ... was (sic) dead because it was an old circuit. That assumption caused the death of Mr. Henderson." Clearly, this does not fit the supreme court's definition of an intentional act.
In light of the above legal principles, evidence that Claiborne Electric rules and procedures were violated or that certain safety devices or equipment were not utilized does not, without evidence of either defendants' desire to harm Henderson or defendants' knowledge that their conduct would inevitably cause injury to Henderson, assist plaintiffs in sustaining their burden of proving an intentional act within the intendment of the Workers' Compensation Act. As noted by the Fifth Circuit in Blevins v. Time Saver Stores, Inc., 99-383 (La.App. 5th Cir.10/26/99), 746 So.2d 191, use of phrases such as "intentional" or "with specific certainty" (or, as in the instant case, "substantially certain to occur") is not magical; their mere recitation does not transform a plaintiffs allegations into intentional acts.
The record, while showing that defendants may have acted negligently, does not support the finding of an intentional act. Inasmuch as plaintiffs are unable to produce a factual basis to support their generalized intent allegations, we find that the trial court did not err in granting defendants' motion for summary judgment. Plaintiffs' exclusive remedy was workers' compensation.

Conclusion
For the reasons set forth above, the judgment of the trial court is affirmed at plaintiffs-appellants' cost. AFFIRMED.