799 So.2d 1175 (2001)
Mary Katherine HOWELL, et al, Plaintiff-Appellant,
v.
Michael TAYLOR, et al, Defendant-Appellee.
No. 35,279-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
Hersy Jones, Jr., Shreveport, Counsel for Appellant.
Bodenheimer, Jones & Szwak by David A. Szwak, Shreveport, Counsel for Appellee, Morgan Pontiac, Inc.
*1176 Wiener, Weiss & Madison by Larry Feldman, Jr., M. Allyn Stroud, Shreveport, Counsel for Appellees, Time Warner, Inc. and Warner Bros., A Division of Time Warner.
Before NORRIS, BROWN & PEATROSS, JJ.
PEATROSS, J.
Plaintiff, Mary Howell ("Mary"), individually and in her capacity as natural tutrix of her minor children, appeals the trial court's judgment granting a peremptory exception of no cause of action filed on behalf of Defendant, Morgan Pontiac, Inc. ("Morgan"). For the reasons set forth herein, we affirm.

FACTS
On January 7, 1999, Mary's husband Chester Howell ("Chester") was employed by Morgan as a car salesman. On that day, Michael Taylor and Timothy Taylor ("Taylors"), also named defendants, went to Morgan's place of business and requested to test drive a vehicle. Chester accompanied them; and, after they left the dealership for the test drive, the Taylors shot and killed Chester. Subsequently, Mary filed this wrongful death action against Morgan, to which Morgan responded with a peremptory exception of no cause of action.
The trial court granted the exception, but allowed Mary to amend her petition. In her amended petition, Mary alleged that Morgan:
1. directed Chester to provide a test drive to the Taylors;
2. failed to obtain a copy of the Taylors' drivers licenses;
3. failed to run a background or credit check on the Taylors;
4. failed to request identification from the Taylors;
5. failed to properly train Chester;
6. failed to implement appropriate safety measures;
7. failed to follow its own procedures in allowing the Taylors to test drive the vehicle;
8. knew, with substantial certainty, that failure to implement safety measures would result in injury or death; and
9. "as a direct and proximate result of the knowing and intentional conduct," Mary sustained loss.
Morgan then filed another peremptory exception of no cause of action in response to the amended petition. After considering Mary's amended petition, the trial court granted Morgan's second peremptory exception and this appeal ensued.

DISCUSSION
Employers and their employees are not liable in tort for an employee's injuries which occur within the scope and during the course of the employee's duties, and the employee's exclusive remedy for workplace injuries is in worker's compensation. La. R.S. 23:1032(A). An employee may, however, recover in tort when the employer's intentional actions or inactions cause injury to the employee. La. R.S. 23:1032(A). Since the amended petition alleges that Chester was acting within the scope of his employment when he was killed, the issue presented is whether or not the amended petition sufficiently alleges that Morgan was responsible for an intentional tort.
One paragraph of Mary's amended petition alleges that Morgan knew "with substantial certainty" that failing to implement certain safety precautions would result in the jeopardy of the lives and safety of salespersons, such as Chester. Mary argues that the language "substantial certainty" is sufficient to state a *1177 cause of action that Morgan intentionally caused Chester's death.
The supreme court, however, has stated clearly what "substantial certainty" means:
The traditional definition is simply a way of relieving the claimant of the difficulty of trying to establish subjective state of mind (desiring the consequences) if he can show substantial certainty that the consequences will follow the act. The latter takes the case out of the realm of possibility or risk (which are negligence terms), and expresses the concept that an actor with such a certainty cannot be believed if he denies that he knew the consequences would follow. In human experience, we know that specific consequences are substantially certain to follow some acts. If the actor throws a bomb into an office occupied by two persons, but swears that he only `intended' to hurt one of them, we must conclude that he is nonetheless guilty of an intentional tort as to the other, since he knows to a virtual certainty that harmful consequences will follow his conduct, regardless of his subjective desire.
Reeves v. Structural Preservation Systems, et al, 98-1795 (La.3/12/99), 731 So.2d 208. The supreme court has further stated that an employer does not act intentionally even if he knows that there is a high probability that someone will be injured. Carrier v. Grey Wolf Drilling Company, et al, 00-1335 (La.1/17/01), 776 So.2d 439, citing Reeves v. Structural Preservation Systems, et al, supra. Additionally, this court has held that "`substantial certainty' requires a showing that the injury must be inevitable [and] the injury-causing event must be incapable of failing, [and] use of the phrases such as `intentional' or ... `substantial certainty' [are] not magical; their mere recitation does not transform a plaintiff's allegations into intentional acts." Henderson v. Claiborne Electric, et al, 34,825 (La.App.2d Cir.6/20/01), 793 So.2d 247.
An exception of no cause of action tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged. "We The People" Paralegal Services, L.L.C. v. Watley, 33,480 (La. App.2d Cir.8/25/00), 766 So.2d 744, citing Grocery Supply Company v. Winterton Food Stores, 31,114 (La.App.2d Cir.12/9/98), 722 So.2d 94. "In determining whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous evidence." "We the People" Paralegal Services, L.L.C. v. Watley, supra, citing Arledge v. Hendricks, 30,588 (La.App.2d Cir.6/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287.
La. C.C.P. art. 891 sets forth the requirements of pleadings in Louisiana. "The petition must set forth the facts upon which recovery can be based[;] otherwise, the defendant would have neither adequate notice of the allegation nor an opportunity to counter the claim." "We The People" Paralegal Services, L.L.C. v. Watley, supra. The allegations in this case do not set forth facts on which a recovery can be based because, as previously stated, Mary did not allege facts which indicated that Morgan intentionally caused Chester's death. Although the phrases "substantial certainty" and "intentional conduct" are used in the last two paragraphs of the amended petition, the phrases are mere conclusions unsupported by the facts and do not transform the allegations into intentional acts. The amended petition, therefore, does not state a cause of action.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Defendant's, *1178 Morgan Pontiac, Inc., peremptory exception of no cause of action is affirmed. The costs of this appeal are assessed to Plaintiff, Mary Katherine Howell.
AFFIRMED.