IíTOBIAS, Judge.
The plaintiff, Bennie Rayford (“Ray-ford”), appeals the trial court’s granting of the peremptory exception of no cause of action/no right of action[1] filed by his employer and the defendant herein, Angelo Iafrate Construction, L.L.C. (“Iafrate Construction”). For the following reasons, we reverse and remand the matter to the trial court for further proceedings.
In his original petition filed on 30 October 2000, Rayford alleges that on 28 October 1999, while in the course and scope of his employment as a laborer for Iafrate Construction, he sustained serious injuries when a cable, descending from the boom of a crane onto which he was attaching a steel “H” beam, came into contact with a high voltage, overhead power line maintained by Entergy Corporation (“Enter-gy”). He further alleges that Iafrate Construction was responsible for contacting Entergy to have the electricity to the power lines cut off prior to the commencement of the construction work. According to the petition, the Harrison Avenue levee construction project on which Rayford was working | ¡was one day ahead of schedule. Instead of waiting until the following day when Entergy was scheduled to cut off the electricity to the overhead power lines, Iafrate Construction proceeded with the work, knowing that the power lines were still energized. As a result, Rayford alleges, Iafrate Construction “knowingly and intentionally placed him in the harmful, hazardous, and potentially fatal situation.” In addition, on 12 January 2001, Rayford filed a supplemental and amending petition alleging a claim for retaliatory discharge pursuant to La. R.S. 23:1361.
Iafrate Construction excepted to Ray-ford’s original petition arguing that Ray-ford was precluded from asserting a cause of action in tort against his employer under the exclusivity provisions of the Louisiana Workers’ Compensation Act, Parts I through IV of Chapter 10 of Title 23 of the Louisiana Revised Statutes.
The function of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords remedy. All well pleaded factual allegations must be accepted as true. The exception of no cause of action is decided upon the face of the petition. DeBlanc v. International Marine Carriers, 99-0482 (La.App. 4 Cir. 12/15/99), 748 So.2d 649. No evidence may be intro *900 duced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
Pursuant to the Louisiana Workers’ Compensation Act an employee who receives personal injury by accident arising out of and in the course of his employment is entitled to compensation from his employer in the amounts and on |sthe conditions specified in the statute. La. R.S. 23.1031. La. R.S. 23:1032(A) provides that workers’ compensation is the exclusive remedy of an employee against his employer for an injury or a compensable sickness or disease. However, La. R.S. 23:1032(B) provides an exception to this rule as follows: “Nothing in this Chapter shall affect the liability of the employer ... resulting from an intentional act.”
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court held that the exclusive remedy rule did not apply to intentional torts or offenses. “The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.” Id. at 481.
Accepting the allegations set forth in Rayford’s original petition as true, we find that Rayford states a cause of action for intentional tort within the meaning of La. R.S. 23:1032(B) when he avers that Iafrate Construction proceeded with the construction project using a crane and boom to move steel beams in close proximity to overhead power lines, even though it was aware that Entergy had not yet cut off electricity to the lines. One can infer that to have subjected its employee to such a hazard and potential electrocution, Iaf-rate Construction’s actions or inactions reached a level of an intentional act, i.e., that physical injuries were substantially certain to occur from proceeding with the construction work at that time.
| ^Accordingly, we find that Rayford’s original petition states a cause of action. Therefore, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with the law and evidence.
REVERSED AND REMANDED.

. The exception filed by Iafrate Construction was titled "Peremptory Exception of No Cause of Action/No Right of Action.” However, the transcript from the hearing on the exception reflects the trial court considered only the exception of no cause of action.