830 So.2d 437 (2002)
Clara H. McKOIN, Plaintiff-Appellant
v.
STATE FARM FIRE AND CASUALTY COMPANY and/or State Farm Insurance Companies and CBC, Inc., Defendant-Appellee.
No. 36,429-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
Travis M. Holley, Bastrop, for Appellant.
Hudson, Potts & Bernstein, by Gordon L. James, Monroe, for Appellee, State Farm Fire and Casualty Company.
Blackwell, Chambliss, Henry, Caldwell, Cagle & Camp, L.L.P., by Sam O. Henry, III, West Monroe, for CBC, Inc.
Before BROWN, WILLIAMS and KOSTELKA, JJ.
KOSTELKA, J.
Clara McKoin ("McKoin") appeals the grant of summary judgment by the Fourth Judicial District Court in favor of State *438 Farm Fire and Casualty Company and/or State Farm Insurance Companies ("State Farm").[1] For the following reasons, we affirm.

FACTS
On June 10, 2000, McKoin's home sustained major fire damage. She had a homeowner's insurance policy with State Farm that provided for fire damage and loss. In connection with the fire, McKoin obtained three estimates for the repair of her home's damage. The adjuster for State Farm, Lisa Belt ("Belt"), prepared an estimate of the damage and obtained one from a contractor, CBC, Inc. ("CBC"), who is not a party to this appeal, but who is also a defendant to McKoin's lawsuit. Two of the three estimates obtained by McKoin were substantially more than those prepared by Belt and CBC, but the third was in the same range.
McKoin ultimately entered into a contract with CBC to make the repairs to her house. CBC began the repair process and, in fact, discovered additional damage that was not included in the original estimates. State Farm made revised estimates, increasing the total estimate to $45,732.38, which was paid to McKoin for the repairs. After CBC began work on the house, McKoin became unhappy with the work being done and decided not to allow CBC to complete the job.
McKoin ultimately filed suit against State Farm and CBC, claiming she was forced to pay a new contractor an additional $14,000.00 for completion of the work begun by CBC. State Farm filed its Motion for Summary Judgment, and McKoin filed an opposing motion for summary judgment. State Farm's motion was granted by the trial court, and this appeal by McKoin ensued.

DISCUSSION
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); American Bank and Trust Co. of Coushatta v. Boggs and Thompson, 36,157 (La.App.2d Cir.06/12/02), 821 So.2d 585; Jeffery v. Bickham, 34,946 (La. App.2d Cir.08/22/01), 795 So.2d 443. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459.
When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587.
The terms for having the repair work done to McKoin's home were set out in State Farm's "Property Claim Agreement *439 and Structural Damage Claim Policy" (the "policy"), which states as follows:
When you have a covered structural damage claim to your real property, you should know ...
We want you to receive quality repair work to restore the damages to your property.
We will provide you with a detailed estimate of the scope of damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.
You may have the repairs made by a contractor of your choice.
If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning the repairs.
-State Farm cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.
-State Farm does not guarantee the quality of workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.
-It is understood that the contractor is hired by you, our insured, and that they work for younot State Farm.[2]
An insurance policy is a contract, and, as with all other contracts, it constitutes the law between the parties. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Bossier Plaza Associates v. National Union Fire Ins. Co. of Pittsburgh, 35,741 (La.App.2d Cir.04/03/02), 813 So.2d 1114, citing Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988).
McKoin acknowledges the policy language and makes no argument of its inapplicability to her claim. The policy clearly states that State Farm does not guarantee the quality of a contractor's workmanship. In McKoin's answer to State Farm's Motion for Summary Judgment, she states that her "sole complaint in this case relates to the work of the contractor, CBC...." Additionally, the record itself reflects that McKoin's complaints are related to problems of workmanship by CBC. Such complaints are wholly different than a claim that State Farm failed to pay for her loss and clearly are unrelated to State Farm's obligations under the policy pursuant to the terms unambiguously set out therein.
Furthermore, McKoin was not obligated to contract with CBC. The policy made clear that repairs in excess of State Farm's damage appraisal would be paid by the insured, and, obviously, McKoin made the choice not to hire either of the two contractors she had originally contacted who had given her bids significantly higher than State Farm's damage appraisal. Moreover, in her answer to State Farm's Motion for Summary Judgment, McKoin admits that State Farm made a "reasonable reimbursement in connection with repairs to the home...." Notably, McKoin did not dispute the amount of loss when calculated, accepted the insurance proceeds from State Farm, and contracted with CBC to perform the needed work.
*440 Here, the policy language is unambiguous, as is the language in the contract between McKoin and CBC. On behalf of State Farm, Belt, an experienced adjuster, appraised the damage and calculated the amount of loss to McKoin. CBC prepared a detailed estimate to make the repairs which was comparable to that of State Farm's. McKoin obtained other estimates, only two of which were significantly higher than State Farm's and CBC's; however, McKoin chose not to contract with any other contractor and selected CBC. She was not obligated to make such a selection but did so of her own free will. She is now bound by the terms of the policy. Thus, her claim now, relating to the allegedly poor workmanship that resulted in her paying more for repairs, exists solely against her contractor, CBC.
There being no material facts in dispute, under the clear and unambiguous terms of the policy, State Farm's Motion for Summary Judgment was properly granted by the trial court as a matter of law and is hereby affirmed with costs assessed to Clara H. McKoin.
AFFIRMED.
NOTES
[1] Counsel for State Farm refers to appellee as "State Farm Fire and Casualty Insurance Company."
[2] McKoin also had a contract with CBC in connection with the work performed on her home. That contract reinforces these terms, stating "We understand that the Contractor has no connection with our insurance company or its representative...."