850 So.2d 891 (2003)
Benjamin J. STRONG, Plaintiff-Appellant,
v.
INTERKRAFT CORPORATION, Defendant-Appellee.
No. 37,427-CA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
*892 Richard L. Fewell, Jr., West Monroe, for Appellant.
Cyd S. Page, Donald C. Douglas, Jr., Monroe, for Appellee.
Before WILLIAMS, GASKINS and MOORE, JJ.
WILLIAMS, J.
Plaintiff, Benjamin Strong, appeals from a summary judgment in favor of defendant, Interkraft Corporation, dismissing plaintiff's personal injury claim based on the exclusive remedy provision of the Louisiana Worker's Compensation Act. LSA-R.S. 23:1032. For the following reasons, we affirm.

FACTS
Interkraft Corporation ("Interkraft") is a company engaged in the processing of bulk paper products. Benjamin Strong ("Strong") was employed by Interkraft as a paper baler operator.[1] On February 1, 2000, Strong was operating the machine to compress a load of waste paper when the machine jammed. Strong reached into the machine with his left arm to clear the jam. Thereafter, the machine resumed its crushing operation. Unfortunately, Strong was unable to withdraw his arm from the machine before it resumed crushing the paper and his arm was severely injured.
Strong filed a lawsuit in district court against Interkraft alleging, inter alia, that the company intentionally failed to observe industry-wide safety procedures and intentionally failed to instruct him in how to safely use the machine. After discovery was completed, Interkraft filed a motion for summary judgment and urged that Strong would be unable to prove that Interkraft intentionally caused his injuries within the meaning of the intentional act exclusion. In support of this motion, Interkraft evidently attached several depositions, including the deposition of the plaintiff. However, those depositions are not included in the record on appeal.
Strong opposed the motion for summary judgment and, in addition to referring to the depositions, presented several other items of evidence. This evidence is included in the appellate record. Strong presented the affidavit of Dr. Dale Anderson, who holds a Ph.D. in mechanical *893 engineering. Dr. Anderson stated that the safety gate on the paper baler had been disabled for many years and that "the employer had to know that someone's arm or hand would be significantly damaged and the likelihood of that result was substantially certain to follow the failure to repair the safety gauge (sic)." Strong also presented the nearly identical affidavit of another mechanical engineer, Andrew J. McPhate. In addition, Strong offered some of his medical records and photographs of the catastrophic injury to his arm.
The trial court conducted a hearing on the motion for summary judgment and heard arguments based upon the evidence presented. Apparently the paper baler was equipped at the time of its manufacture with a safety gate that would not allow the machine to operate while the operator had access to the crusher, but the previous owner of the machine had disabled this mechanism. Interkraft argued that the machine had nevertheless been operated safely for many years. Strong, in an effort to show that the employer knew that injury was substantially certain to occur, cited the deposition of the Interkraft employee, Mr. Parker, who trained Strong to use the machine and who admitted that it was possible that an individual's extremity could be caught in the baler. Interkraft responded by citing portions of Parker's deposition wherein he testified that he himself had been trained on the machine in the absence of a safety gate and he did not know that the machine was supposed to operate in a different manner. The trial court concluded that Strong would be unable to show that the intentional injury exception should apply and granted summary judgment in favor of Interkraft. Strong now appeals.

DISCUSSION
The instant dispute concerns the intentional act exclusion to the exclusive remedy provision of the Worker's Compensation Act. The issue before this court is whether the trial court erred in granting summary judgment in favor of the employer, Interkraft, and dismissing the employee's tort suit.
Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2); McKoin v. State Farm Fire and Casualty Company, 36,429 (La. App.2d Cir.10/23/02), 830 So.2d 437. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.1/21/98), 707 So.2d 459. When a motion is made and supported as required by LSA-C.C.P. art. 966, the adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967; McKoin, supra. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.5/10/00), 760 So.2d 587.
Under the provisions of LSA-C.C.P. art. 966(C)(2), when a party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion *894 does not require him to negate all essential elements of the adverse party's claim, action, or defense, but instead to point out the absence of factual support for one or more elements essential to such claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Employers and their employees are not liable in tort for an employee's injuries which occur within the scope and during the course of the employee's duties, and the employee's exclusive remedy for workplace injuries is in workers' compensation. LSA-R.S. 23:1032(A). An employee may, however, recover in tort when the employer's intentional actions or inactions cause injury to the employee. LSA-R.S. 23:1032(A), (B).
Nevertheless, an employer does not act intentionally even when it knows that there is a high probability that someone will be injured. Howell v. Taylor, 35,279 (La.App.2d Cir.10/31/01), 799 So.2d 1175. An employer is liable in tort only when the employer is substantially certain that the employee will be injured. Id. In Howell, this court repeated the supreme court's explanation of "substantial certainty" in Reeves v. Structural Preservation Systems, et al., 98-1795 (La.3/12/99), 731 So.2d 208:
The traditional definition is simply a way of relieving the claimant of the difficulty of trying to establish subjective state of mind (desiring the consequences) if he can show substantial certainty that the consequences will follow the act. The latter takes the case out of the realm of possibility or risk (which are negligence terms), and expresses the concept that an actor with such a certainty cannot be believed if he denies that he knew the consequences would follow. In human experience, we know that specific consequences are substantially certain to follow some acts. If the actor throws a bomb into an office occupied by two persons, but swears that he only "intended" to hurt one of them, we must conclude that he is nonetheless guilty of an intentional tort as to the other, since he knows to a virtual certainty that harmful consequences will follow his conduct, regardless of his subjective desire.
Also as noted in Howell, this court held in Henderson v. Claiborne Electric, et al., 34,825 (La.App.2d Cir.6/20/01), 793 So.2d 247, that "`substantial certainty' requires a showing that the injury must be inevitable [and] the injury-causing event must be incapable of failing, [and] use of the phrases such as `intentional' or ... `substantial certainty' [are] not magical; their mere recitation does not transform a plaintiff's allegations into intentional acts."
This court's de novo review of summary judgment is hindered in this case by the incomplete nature of the appellate record. A portion of Benjamin Strong's deposition is attached to the appellee's brief, and there are numerous attachments to the appellant's brief. However, appellate briefs are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits, if those facts are not in the record on appeal. LSA-C.C.P. art. 2164; Reed v. Peoples State Bank of Many, 36,531 (La.App.2d Cir.3/5/03), 839 So.2d 955. Any inadequacy in the record is attributable to the appellant. Kennedy v. Kennedy, 36,974 (La.App.2d Cir.5/5/03), 840 So.2d 679. Even in the absence of these documents, however, we conclude that a fair decision can be made on the record before us.
Based upon review of the record, we agree with the trial court that Strong has made an insufficient showing of intentional harm to allow this tort action to proceed.
*895 The plaintiff showed that operation of the paper baler was potentially dangerous in the absence of the safety gate and that the hazard presented was precisely the sort that the plaintiff suffered. However, the potential danger of the machine is insufficient under Howell and the cases cited therein to render the accident substantially certain to occur. The injury in this case was not inevitable, nor was the injury causing event incapable of failing. Also, evidence showed that Interkraft had operated the machine with a non-functioning safety gate for many years. This is so even accepting the evidence presented in Strong's opposition to summary judgment. Although unwise and hazardous, the practice of operating the machine without a safety gate did not make Strong's injury a virtual certainty. Accordingly, the district court's grant of summary judgment in favor of the defendant, Interkraft, was correct.

CONCLUSION
For the reasons set forth above, the judgment of the district court is affirmed. Costs of this appeal are assessed to appellant, Benjamin Strong.
AFFIRMED.
NOTES
[1] A paper baler is a machine that compacts waste paper by compression.