J^EDWIN A. LOMBARD, Judge.
This appeal arises out of the trial court’s granting of a Motion for Summary Judgment in favor of defendant, Alliance Fran-caise de la Nouvelle Orleans (Alliance Francaise), and against plaintiff, Sylvie Escande (Escande). For the reasons assigned below, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

It is undisputed that Escande was employed as a part-time teacher at the school operated by Alliance Francaise. It is also undisputed that Escande was injured on July 18, 2002, while acting in the course and scope of her employment. Escande has alleged that upon entering the school’s kitchen to get a glass of water, her left leg fell through a hole in the floor and broke through the ceiling of the room below. The record reflects that the hole was cut in the floor on the day of the accident in order for workman to access and repair the termite-damaged sub floor. Escande was unaware of the work being performed in the kitchen.
On April 22, 2003, Escande filed a Petition for Damages in the Civil District Court for the Parish of Orleans, asserting that Alliance Francaise knew of the haz *490 ardous condition and knew that an accident was substantially certain to occur. In response, Alliance Francaise filed a Motion for Summary Judgment, | ^maintaining that Escande’s exclusive remedy falls under the Louisiana Worker’s Compensation Act. La. R.S. 23:1032. The trial court heard the matter on March 12, 2004.
In support of the Motion for Summary of Judgment, Alliance Francaise introduced the affidavit of Cecile Andry (An-dry), President and Board Member of Alliance Francaise. Andry’s affidavit stated: 1) the repair work to the kitchen began on the day of the accident; 2) the hole in the floor had to remain open until such time as the termite specialists were able to spray inside the hole; and 3) a sign was placed on the door of the kitchen advising students and teachers as follows: “WORK IN PROGRESS Please be careful of holes in the floor!” A copy of the sign was attached to Andry’s affidavit. Alliance Francaise also presented an excerpt from Escande’s deposition. Escande stated that when she approached the kitchen, the light was off, the door was open, and she did not see a sign on the door. She further stated that she turned the light on, saw nothing on the floor, and took one step into the kitchen when her left leg went through the hole in the floor. The record does not reveal that Escande presented any evidence in opposition to the motion.
After taking the matter under advisement, the trial court rendered judgment in favor of Alliance Francaise on March 15, 2004. In Reasons for Judgment, the trial court stated that there was no evidence that Alliance Francaise intended or knew with substantial certainty that the accident would occur and held, accordingly, that Escande’s recovery was limited to worker’s compensation.
On appeal, Escande cites six assignments of error but does not specifically brief each issue. Basically, Escande presents two arguments in this appeal. First, that the trial court erred in failing to find that Alliance Francaise’s acts and |3omissions constituted an intentional tort, i.e., that Alliance Francaise knew with substantial certainty that an accident would occur. Second, that the trial court erred in failing to find that a material issue of fact existed as to whether Alliance Fran-caise was substantially certain that an accident such as Escande’s would occur.

DISCUSSION

The sole issue on appeal is whether plaintiffs injuries resulted from an intentional act under the exception to the exclusivity provision of the Louisiana Workers’ Compensation Act. Pursuant to the Louisiana Workers’ Compensation Act an employee who is injured by an accident arising out of and in the course of his employment is entitled to compensation from his employer in the amounts and on the conditions specified in the statute. La. R.S. 23:1031. La. R.S. 23:1032(A) provides that workers’ compensation is the exclusive remedy of an employee against his employer for an injury or a compensa-ble sickness or disease. However, La. R.S. 23:1032(B) provides an exception to this rule as follows: “Nothing in this Chapter shall affect the liability of the employer ... resulting from an intentional act.”
In Bazley v. Tortonch, 397 So.2d 475 (La.1981), the Louisiana Supreme Court held that the exclusive remedy rule did not apply to intentional torts or offenses. “The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.” Id. at 481.
*491 In regards to the definition of “intent” for the purpose of determining when an intentional tort has been committed, the Louisiana Supreme Court explained the following in Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208, 211: the meaning of “intent” in this context “is that the person who acts Leither (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct or (2) knows that the result is substantially certain to allow from his conduct, whatever his desire may be as to that result.” Id. (quoting Bazley). To meet this standard of “substantially certain,” our jurisprudence requires more than a reasonable probability that an injury will occur; this term has been interpreted as being the equivalent to “inevitable,” “virtually sure,” and “incapable of failing.” Clark v. Division Seven, Inc., 99-3079 (La.App. 4 Cir. 12/20/00), 776 So.2d 1262, 1264; Brown v. Diversified Hospitality Group, 600 So.2d 902, 906 (La.App. 4 Cir. 5/28/92).
In Reeves, the court observed that, since Bazley, the intentional act exception has been narrowly construed and that even gross negligence has been found to not meet the intentional act requirement. With regard to the question of whether an actor knows that the result was substantially certain to follow, the supreme court explained: “[BJelieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.” Reeves at 211.
In this case, Escande alleges that Alliance Franeaise’s worker intentionally cut holes in the kitchen floor and Alliance Francaise knew or should have known that Escande, as well as others, frequently went in and out of the kitchen. Moreover, Escande submits that Alliance Francaise knew or should have known that it had created a dangerous condition and the room should have been secured so that no one could enter the kitchen until the problem had been resolved or, at least, a secure cover or temporary flooring should have been affixed over the holes until final repairs were completed.
| ¡After a thorough review of the record, we find that Alliance Francaise’s actions, in failing to secure the room and/or prevent such an accident, may well have been negligent. However, considering the jurisprudence cited above, and the narrow interpretation of the intentional act exception, we conclude that the conduct did not rise to the level of intentional tort. As such, we find that the trial court committed no error in finding that Alliance Fran-caise’s actions did not constitute an intentional tort.
Finally, Escande argues that summary judgment should not have been granted because material issues of fact still exist. Specifically, it is asserted that a question of fact remains as to whether the warning sign was posted at the time of Escande’s accident. The trial court’s Reasons for Judgment stated: “as represented by Plaintiffs counsel and the pleadings, a sign was placed on the door alerting students and faculty members that there were holes in the floor in the kitchen and to be careful.” Escande argues that the trial court’s finding is in error because neither the pleadings nor the testimony of Escande contain any such representation or admission. Alliance Francaise, on the other hand, relies on Andry’s affidavit, and the copy of the warning sign attached thereto, to support its position that a warning sign was in place.

STANDARD OF REVIEW

Appellate courts review the granting of summary judgment de novo *492 under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 684 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Oakley, supra. At that point, the party opposing the motion must “make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art. 966(C).
In the present case, it is clear from Escande’s deposition testimony that she never stated with any certainty that there was no sign on the door. Rather, she stated that she did not see a sign on the door and, more importantly, that she did not recall looking at the door. Considering the record before us, we conclude that Escande did not refute the evidence presented by Andry’s affidavit sufficient to create a material question of fact. Therefore, we find no error on the part of the trial court in granting the Motion for Summary Judgment in favor of Alliance Fran-caise.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.