ItGQRBATY, j.
WRIT GRANTED; JUDGMENT REVERSED.
Relator, Crown Roofing Services, Inc., seeks review from the denial of its motion for summary judgment.
FACTS:
On November 1, 2000, several employees of Crown Roofing, including Shawn Collier, were unloading rolls of asphalt roofing tar from a flat bed truck onto the ground for a roofing operation. The unloading process involved the use of a truck-mounted crane operated by Byron Hudson, a Crown Roofing employee who was certified to operate the crane, and Mr. Collier, who guided the crane cable and its load of roofing tar to the ground location near a tar kettle which had been set up to melt the asphalt. During this process, the crane cable that Mr. Collier was holding either came in contact with a high voltage overhead power line or the electricity arced from the power line to the cable, resulting in the electrocution and death of Mr. Collier.
12Mr. Collier was responsible for directing the crane operator on where to put the asphalt. The first two pallets of asphalt were successfully unloaded. After a pallet was deposited, Mr. Collier would clear the forks from beneath the pallet by pulling the cable so that the crane could retract. Mr. Collier directed the crane operator to place the third pallet behind the first two. In clearing the forks on the third pallet Mr. Collier stepped back and the cable swung back causing the accident. The deposition testimony reflects that Mr. Collier was attempting to place the asphalt as near the tar kettle as possible so as to minimize the distance that the asphalt had to be carried to the tar kettle.
DISCUSSION:
As the decedent’s employer, the sole basis for liability against Crown Roofing in this tort action lies in the “intentional act” exception of the Louisiana Workers’ Compensation Act. La. R.S. 23:1032(A) provides that workers’ compensation is the exclusive remedy of an employee against his employer for an injury or a compensa-ble sickness or disease. However, La. R.S. 23:1032(B) provides an exception to this rule as follows: “Nothing in this Chapter shall affect the liability of the *580 employer ... resulting from an intentional act.”
Recently, in Escande v. Alliance Francaise De La Nouvelle Orleans, 2004-1134 (La.App. 4 Cir. 1/19/05), 894 So.2d 488, this Court reiterated the prevailing jurisprudence as it concerns the intentional act exception to the exclusive remedies provision of the workers’ compensation act as follows:
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court held that the exclusive remedy rule did not apply to intentional torts or offenses. “The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.” Id. at 481.
In regards to the definition of “intent” for the purpose of determining when an intentional tort has been committed, the Louisiana Supreme Court explained the following in Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d |,208, 211: the meaning of “intent” in this context “is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct or (2) knows that the result is substantially certain to allow from his conduct, whatever his desire may be as to that result.” Id. (quoting Bazley). To meet this standard of “substantially certain,” our jurisprudence requires more than a reasonable probability that an injury will occur; this term has been interpreted as being the equivalent to “inevitable,” “virtually sure,” and “incapable of failing.” Clark v. Division Seven, Inc., 99-3079 (La.App. 4 Cir. 12/20/00), 776 So.2d 1262, 1264; Brown v. Diversified Hospitality Group, 600 So.2d 902, 906 (La.App. 4 Cir. 5/28/92).
In Reeves, the court observed that, since Bazley, the intentional act exception has been narrowly construed and that even gross negligence has been found to not meet the intentional act requirement. With regard to the question of whether an actor knows that the result was substantially certain to follow, the supreme court explained: “[Bjeliev-ing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.” Reeves at 211.
Id. at p.4, 894 So.2d 490-91.
Crown Roofing moved for summary judgment on the grounds that there is no genuine issue of material fact with regard to whether Crown Roofing or its employees committed an intentional act pursuant to La. R.S. 23:1032(B). In opposing summary judgment, plaintiff relied on this court’s decision in Rayford v. Angelo Iafrate Const., 2001-1095 (La.App. 4 Cir. 1/9/02), 806 So.2d 898, and argued that allowing the crane to be placed near the power line and offloading the asphalt pallets without first de-energizing the line constituted an “intentional act.” Plaintiff also notes that the foreman observed the potential danger and commented on it only moments prior to the accident without taking any steps to correct the situation and that Crown Roofing was found to be in violation of OSHA standards.[1]
*581 |4In Escande, this court stated the standard of review on a motion for summary judgment as follows:
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Oakley, supra. At that point, the party opposing the motion must “make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art. 966(C).
Id., p. 6, 894 So.2d 491.
In Rayford, the defendant/employer filed an exception of no cause of action asserting that the plaintiff was precluded from asserting a cause of action in tort against his employer under the exclusivity provisions of the Louisiana Workers’ Compensation Act. Rayford concerned a somewhat similar factual scenario as that at issue herein as the plaintiff was injured when a cable touched an overhead power line. It was alleged that the power line in question had been scheduled to be de-energized prior to commencing the construction work, which involved moving steel beams with a crane and boom. However, the project was one day ahead of schedule and the work to be conducted near the power line proceeded while the powerline was still energized. As a result, the petition alleged that the defendant knowingly and intentionally placed the plaintiff in a harmful, hazardous, and | ¡^potentially dangerous situation. What is not clear from the decision, or perhaps the petition itself was whether the plaintiff had been informed that the power line which had been scheduled to be de-energized was still in fact a live wire.
Inasmuch as Rayford concerned an exception of no cause of action, as opposed to a motion for summary judgment as is at issue herein, the case has little value as precedent. As the Supreme Court has explained, “an exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief.” City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 10 (La.3/2/99), 739 So.2d 748, 756.
As this court explained in Ray-ford, it was bound to accept all well pleaded factual allegations as true and its inquiry was bounded by the following principles:
*582 The function of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords remedy. All well pleaded factual allegations must be accepted as true. The exception of no cause of action is decided upon the face of the petition. DeBlanc v. International Marine Carriers, 99-0482 (La.App. 4 Cir. 12/15/99), 748 So.2d 649. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
Id., p. 2, 806 So.2d at 899-900.
Because the standard for determining whether a party has alleged a cause of action in his or her petition differs so greatly than that required in assessing a motion for summary judgment, Rayford fails to guide a determination of the issues herein. Nevertheless, in ruling for the plaintiff, the trial court found as follows:
So, now he’s coming in and he’s saying there’s at least an issue of fact as it relates to whether this incident involved an intentional act.
Now, I’m not saying I believe that that’s the case. But based on the Ray-ford case that points out, in my view— not points out, but in my view lowered the previous standards as to what was necessary for there to be an intentional act. What you had to look to for there to be an intentional act. It lowered that standard -
[fiAs noted previously, because Rayford concerned an exception of no cause of action, it cannot be read to have lowered the standards with regard to an intentional tort. Accordingly, the trial court erred in so finding.
Louisiana’s jurisprudence is clear that allegations such as plaintiffs involving violations of OSHA standards and disregarding a known safety risk while constituting gross negligence do not constitute an intentional act or meet the “substantial certainty” test.[2]
*583 In Reeves, although the supervisor feared that someone would get hurt if a sandblasting pot were moved manually but ordered the plaintiff to move the pot ^manually in spite of this knowledge, his actions failed to meet the “substantial certainty” test. In this context, the court utilized an example of how the “substantial certainty” element has been explained:
The traditional definition is simply a way of relieving the claimant of the difficulty of trying to establish subjective state of mind (desiring the consequences) if he can show substantial certainty that the consequences will follow the act. The latter takes the case out of the realm of possibility or risk (which are negligence terms), and expresses the concept that an actor with such a certainty cannot be believed if he denies that he knew the consequences would follow. In human experience, we know that specific consequences are substantially certain to follow some acts. If the actor throws a bomb into an office occupied by two persons, but swears that he only “intended” to hurt one of them, we must conclude that he is nonetheless guilty of an intentional tort as to the other, since he knows to a virtual certainty that harmful consequences will follow his conduct, regardless of his subjective desire.
Id., p. 9, 731 So.2d at 212-213, citing Malone & Johnson, Louisiana Civil Law Treatise, Volume 14, Workers’ Compensation Law & Practice, § 365, p. 208.
In the context of a worker being injured as a result of failing to de-energize power lines, the Second Circuit Court of Appeal has held that such conduct fell short of an “intentional tort,” absent a showing of knowledge that such conduct would inevitably cause injury. Henderson v. Claiborne Elec., 34,825 (La.App. 2 Cir. 6/20/01), 793 So.2d 247. See also Cardwell v. New Orleans Public Service Inc., (La.App. 4 Cir. 11/6/96), 683 So.2d 888 (allegation that danger of contact between the crane and the overhead high tension wire were not only obvious, but actually observed and nevertheless disregarded was found insufficient); Fannin v. Louisiana Power and Light Co., 594 So.2d 1119 (La.App. 5 Cir. 1992) (gross and wanton negligence in transporting workers in a spider cage through an uninsulated power line at bridge construction site insufficient).
In sum, none of the allegations of the conduct of relator rise to the level of an “intentional tort” pursuant to La. R.S. 23:1032(B). Plaintiff has not established lsthat Crown Roofing was “substantially certain” that injury to Mr. Collier would result from their alleged actions.
CONCLUSION:
Accordingly, based on the foregoing, we grant relator’s writ, and reverse the judgment of the trial court.

. OSHA cited Crown Roofing for operating the crane within ten feel of an electrical transmission line, which had not been de-energized, or in failing to erect insulating barriers to prevent physical contact with the line.

. In Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208, the court recounted Louisiana's appellate decisions where employer's were not held liable under the intentional act exception for violations of safety standards or failing to provide safety equipment as follows:
Jasmin v. HNV Central Riverfront Corp., 94-1497 (La.App. 4 Cir.8/30/94), 642 So.2d 311, writ denied, 94-2445 (La. 12/9/94), 647 So.2d 1110 (failure to provide safe working environment in grain storage bin); Leger v. Hardy Rice Drier, Inc., 93-1512 (La.App. 3 Cir. 6/1/94), 640 So.2d 650 (maintaining forklift in unsafe condition); Williams v. Geivais F. Favrot Co., Inc., 573 So.2d 533 (La.App. 4 Cir.), writ denied, 576 So.2d 49 (La.1991) (violations of OSHA and other accepted industry safety standards); Dycus v. Martin Marietta Corp., 568 So.2d 592 (La.App. 4 Cir.),writ denied, 571 So.2d 649 (La. 1990) (allowing worker to operate dangerous equipment); Holliday v. B.E. & K. Const. Co., 563 So.2d 1333 (La.App. 3 Cir. 1990) (knowledge that machine is dangerous and that its use creates a high probability that someone will eventually be injured from such use); Davis v. Southern. Louisiana Insulations, 539 So.2d 922 (La.App. 4 Cir. 1989) (failure to provide ladders and scaffolding); Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1 Cir. 1987) (failure to maintain safe working conditions); Taylor v. Metropolitan Erection Co., 496 So.2d 1184 (La.App. 5 Cir.), writ denied, 497 So.2d 1388 (La.1986) (failure to provide scaffold worker with safety belt); Snow v. Gulf States Utilities Co., 492 So.2d 31 (La.App. 1 Cir.), writs denied, 496 So.2d 349, 356 (La.1986) (allowing worker to work too closely to energized wires); Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4 Cir.), writ denied, 415 So.2d 953 (La.1982) (failure to provide specifically requested safety equipment); Cortez v. Hooker Chemical and Plastics Corp., 402 So.2d 249 (La.App. 4 Cir.1981) (defi-ciently designed machinery and disregard of OSHA standards); Erwin v. Excello Corp., 387 So.2d 1288 (La.App. 1 Cir.1980), *583 writs refused, 396 So.2d 1242 and 397 So.2d 1363 (La.1981) with Trahan v. Trans-Louisiana Gas Co., 618 So.2d 30 (La.App. 3 Cir. 1993) (employer committed intentional act by repeatedly exposing employee to the chemical mercaptan where employee had become ill on two prior occasions after exposure to mercaptan); Wainwright v. Moreno’s, Inc., 602 So.2d 734 (La.App. 3 Cir. 1992) (employer committed intentional act by ordering employee to work in a ditch that had caved in the previous day and which looked as though it would cave in again). Likewise, gross negligence does not meet the intentional act requirement. Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2 Cir.1985).
Id., pp. 7-8, 731 So.2d at 211-212.